Miller v. McNair.

---

MILLER v. McNAIR.

1. CONSTRUCTION OF DEVISE. A devise was in the following words: "I give and devise to my sister, Charlotte Macomber, that portion of lot 96, in the city of Dubuque now owned by me, said lot being on the south-east side of Locust Street, on the corner near the Market Street." *Held*, that it did not convey a reversionary interest held by the devisor in the lot described.

*Appeal from Dubuque District Court.*

WEDNESDAY, APRIL 17.

ON the 28th day of April 1854, Charles Miller was the

legal owner of lot 96, situated in the city of Dubuque, and donated and transferred a title by deed of conveyance to the city of Dubuque to twenty feet of ground off of the north end of said lot, for the purposes of a market place, to revert when it ceased to be used for that purpose. It was used for that purpose up to 1858, when it was abandoned. Prior to this Charles Miller departed this life, and in September 1853 made a will containing a number of devises. Those appertaining to this controversy only need be noticed. The devise to his sister, under whom defendant claims, is in these words: "I give and devise to my sister Charlotte Macomber, that portion of lot 96 in the city of Dubuque now owned by me. Said lot being on the east side of Locust Street, on the corner near the Market House."

The devise to the plaintiff is in these words : " The residue of my estate both real and personal, of whatever kind, after paying my just debts and fulfilling all my engagements, I give and devise to my brother Ebenezer Miller, now residing in Pennsylvania. "

The plaintiff brings his action to recover the possession of the north 20 feet of lot 96. The cause was submitted to the court upon the pleadings, exhibits and agreement of parties, and determined in favor of defendant; whereupon the plaintiff appealed.

*Cooley, Blatchley & Adams,* for the appellant.

*Barker,* for the appellee.

LOWE, C. J.—The single question made in this case is whether in the devise made to Charlotte McComber, the testator intended to cover his reversionary interest in lot 96 in the city of Dubuque.

It is a question of intent, to be gathered from the natural and obvious import of the words employed in the devise.

The language, *"that portion of lot 96,"* admits of but one construction; it necessarily implies a quantity less than the

whole. And it is further limited, restrained and rendered explicit by the words, *"now owned by me,"* because at the date of the will, the title, possession and present ownership of the north twenty feet in question were in the city of Dubuque, but were to revert to the donor, when the city ceased to use the same for a market place. This interest in expectancy which itself depended upon a contingency which might never happen, is not reached by the words in the devise, unless they are to be wrested from their ordinary signification.

It was competent for the donor to have granted this easement without parting with the legal title and ownership of the ground. It is unnecessary for us to determine if he had done so what then would have been the legal effect of the words of the devise. It is questionable, however, whether even then under the restraining words of the devise, we could fairly infer the intent of the testator to give the reversionary interest to his sister. It occurs to us that if such had been his intention he could not have been at a loss for appropriate words to express the same. If he had simply devised to Charlotte Macomber, all his right, title and interest in lot 96, her right to the reversionary interest could not be questioned; and the plaintiff in that event, would have had as little claim to the possession and ownership of the property in question, as we think the defendant now has through his immediate grantors.

Reversed.