## BALDWIN v. THOMPSON *et al.*

1. PAROL CONTRACT: POSSESSION. A parol contract for the sale of real estate, accompanied by a delivery of the actual possession, is valid and binding. Rev. 1860, §§ 4007, 4008.

2. SAME: NOTICE. The possession of a vendee of real estate, under a parol contract of purchase, operates as constructive notice of his title and of the facts connected therewith.

3. VENDOR'S LIEN: LEVY THEREON. A vendor's lien is an equitable interest on real estate, but is an incident merely to the debt for the purchase money, and can be subjected to the satisfaction of a judgment against the vendor only by process of garnishment or equitable proceedings.

4. SATISFACTION OF VENDOR'S LIEN. While a judgment is a lien upon the interest of the vendor, it is not of itself sufficient notice to the vendee to preclude his discharging such interest by paying to the vendor the amount of purchase money due.

5. ESTOPPEL BY RECITALS IN A DEED. A recital in a deed, under which a party claims title, does not estop him from also claiming under an older conveyance or paramount title.

6. PARTIES: BILL TO SET ASIDE SALE. The execution defendant is not a necessary party to a proceeding to set aside a sheriff's sale on the ground that the real estate sold was the property of a third party.

*Appeal from Johnson District Court.*

TUESDAY, APRIL 5.

THIS is a suit in equity, brought to set aside and cancel a Sheriff's sale and deed of certain real estate in Johnson County. On or about the first of March, 1860, the plaintiff traded farms with one Lucas, both farms being situated in Johnson County; the plaintiff giving his farm and nine hundred and fifty dollars cash in exchange for the real

estate in controversy. The contract for exchange was in parol; but the plaintiff gave to Lucas full possession of his farm on or about the day the contract was made, and received partial possession of the real estate in controversy on the same day, and afterwards and about the twenty-second day of March, 1860, received full and entire possession of it. One hundred dollars of the boot-money was settled by an indebtedness before that time incurred by the said Lucas to the plaintiff, and the balance was to be applied towards the satisfaction of a mortgage executed by Lucas to James Cavanagh, upon the real estate in controversy. The plaintiff then resided and still resides in Ohio, and the entire trade was made through Dennis Baldwin, his relative and agent. By the terms of the trade, five hundred dollars of the difference in value as agreed, were to be paid, and the deeds exchanged as soon as the money and deed could be received from the plaintiff in Ohio. About the fifth of May, the plaintiff's agent, having received the money, and the deed made by plaintiff to Lucas for the land given in exchange, which deed was dated April 20th, 1860, met Lucas and the mortgagee, Cavanagh, at an attorney's office in Iowa City, to exchange deeds and pay the boot-money, which, by the contract, was to be then paid. At this interview some difficulty occurred between Lucas and the plaintiff's agent in relation to the balance which would remain due on the Cavanagh mortgage, after the payment thereon by plaintiff of the difference to be paid by him in the exchange of farms. The difficulty was finally settled by Lucas executing to plaintiff a mortgage upon the land conveyed by plaintiff to Lucas, to indemnify plaintiff against the Cavanagh mortgage executed by Lucas, "on certain lands this day sold and conveyed by said Lucas and wife to said Baldwin," &c.; this mortgage was also dated April 20, 1860.

Baldwin v. Thompson.

On the 29th day of March, 1860, the defendant, James Thompson, recovered a judgment in the District Court of Johnson County against Lucas and one Woods, for $575, with stipulation for stay of execution for one year; execution was issued on this judgment December 2, 1861, and levied upon the land in controversy, which was sold to the defendant, James Thompson, January 25, 1862, for sufficient to satisfy his judgment, and a Sheriff's deed therefor was made to him.

The cause was tried by the Court upon the testimony submitted by both parties, and a decree rendered setting aside the Sheriff's sale and deed, and quieting the title in the plaintiff, and the defendants appeal.

*Edmonds & Ransom* for the appellants.

I. A judgment recovered against a vendor subsequent to the contract of sale, is a lien upon the unpaid purchase money. Dart. Vend., 119; Prid. Judg., 21; *Cook & Sargent* v. *Dillon et al.*, 9 Iowa, 407; *Harrison* v. *Kramer*, 3 Id., 561.

II. The recital in the mortgage, showing that this conveyance was made in the preceding April, operated as an estoppel to bind the mortgagee. *Crane* v. *The Lessees of Morris & Astor*, 6 Pet., 611; *West* v. *Pine*, 4 Wash. C. C. R., 691; *Jackson* v. *Halstead*, 5 Cow., 216; *Parrose* v. *Griffith*, 4 Binn., 231; *Mitchell* v. *Maupin*, 3 Monr., 186; *Kentucky Bank* v. *Vance*, 4 Litt., 172; *Jackson ex dem.* v. *Harrington*, 9 Cow., 86; *Thompson* v. *Thompson*, 9 Ind., 323; *Rawson* v. *Copeland*, 2 Sand. Ch., 251; *Ferns* v. *Crawford*, 2 Denio, 595.

III. Woods and Lucas are necessary parties to a complete determination of the rights involved, and to avoid multiplicity of suits, and they were, therefore, necessary parties to the suit. *Camp* v. *McGillicuddy et al.*, 10 Iowa, 202.

*Clarke & Davis* for the appellee.

I. A parol contract to convey land, if the possession is delivered under it, is voidable but not void, and if executed afterwards in good faith, the title of the vendee cannot be defeated by a judgment against the vendor, rendered after the making of the contract, and before the execution of the conveyance, or fulfillment of the agreement. *Mins* v. *Morse et al.*, 15 Ohio, 568; *Weeks* v. *Harper*, 1 Barb., 338.

II. The acceptance of a deed containing recitals does not estop the grantor from claiming under an older conveyance. *Miller* v. *Hallman*, 1 Grant's Cases, 243; *Hays* v. *Asken*, 5 Jones, 63; *Thrall* v. *Lathrop*, 30 Verm., 307; *Gardner* v. *Greene*, 5 R. I., 104; *Lorain* v. *Hall*, 33 Penn. S. R., 270; *McComb* v. *Gilkey*, 5 Cush., 146; *Duell* v. *Bear River Mine*, 5 Cal., 84; *Merrifield* v. *Parrett*, 5 Cush., 590; *Osborn* v. *Ferris*, 1 Dutch. N. J., 633; *Giddens* v. *Unity*, 10 Foster, 104; *Rich* v. *Hotchkiss*, 16 Conn., 409; *Stoughton* v. *Lynch*, 2 John. Ch., 209.

COLE, J. — I. The parol contract for the exchange of farms being accompanied by the delivery of actual possession of the lands exchanged, in accordance with the contract, became valid and binding. Rev. of 1860, §§ 4007, 4008. The subsequent disagreement in relation to the payment or manner of securing the balance due on the Cavanagh mortgage, could not, at the election of a third party, defeat or rescind the contract. The plaintiff having taken full and actual possession of the lands acquired from Lucas by the exchange, before the defendant Thompson recovered his judgment against Lucas, such possession was notice to Thompson of plaintiff's title, and of the facts connected therewith.

II. Under our statute a judgment is a lien upon all interests of the judgment debtor in real estate, legal and equitable. Rev. of 1860, §§ 4105, 29. What is an interest

in real estate, and how a lien upon such interest may be enforced, are questions which are not settled by statutory enactment. We must look, therefore, to legal principles for their solution. By the terms of the contract of exchange, there was to be paid by the plaintiff, the sum of nine hundred and fifty dollars boot-money, one hundred dollars only of which was paid at the time of the trade; for the balance due, the judgment debtor, Lucas, had a vendor's lien upon the real estate given by him in exchange. In one sense it is true that Lucas had thereby an equitable interest in that real estate; yet it is not true that he had such an interest as could be levied upon and sold under execution without other proceedings. A judgment creditor, in such case, is in no better situation than his judgment debtor, and can have no greater rights. The judgment debtor had no interest in that real estate, except the right to subject it, under his vendor's lien, to the payment of the unpaid purchase (or boot) money; and that vendor's lien could exist only in favor of the person holding the claim or debt for the purchase-money, for the payment of which the lien attached. It would seem to follow, therefore, as a legal sequence, that the judgment creditor must first become entitled to demand and receive the purchase-money, before his right to enforce the lien for its payment can arise; this can only be done by process of garnishment or equitable proceedings. The interest of the judgment debtor in the real estate in this case was not real estate, it was personal estate; and in case of his death, it would have descended to his administrator, and not to his heirs. While it is true that under our statute a judgment is a lien upon that interest, yet such judgment is not of itself any notice to the person owing the debt to the judgment debtor, and if such person actually pays the debt without other notice of the lien, such payment will extinguish the interest, as well as the lien attaching to it. *Smith* v. *Gage*,

38 Barb. Sup. Ct. Rep.,      ; *Buchan* v. *Sumner*, 2 Barb. Ch., 165; *Winns* v. *Morse et al.*, 15 Ohio, 568; *Courtney* v. *Carr*, 6 Iowa, 238; *Cook & Sargent* v. *Dillon et al.*, 9 Id., 407.

The evidence in this case shows that by the terms of the contract for exchange of farms, the boot-money was to be applied towards the extinguishment of a mortgage held by Cavanagh upon the Lucas farm, which was traded to plaintiff, and that it was so applied. . The plaintiff, by the contract, acquired the right to have the boot-money thus appropriated, and the judgment lien must be held subject to the equitable rights of the party in the actual occupancy of the land under a contract of purchase from the legal owner when the judgment was rendered.

III. The recital in the mortgage executed by Lucas to the plaintiff, to wit: "on certain lands this day sold and conveyed by said Lucas and wife to said Baldwin," &c., cannot operate as an estoppel. The mortgage was not executed upon the lands in controversy in this suit, and does not form any part of the plaintiff's chain of title; and a recital in a conveyance under which a party claims title cannot operate by way of estoppel, so as to prevent the party from claiming under an older conveyance, or paramount title. *Carver* v. *Jackson*, 4 Pet., 83; *Crane* v. *Lessees of Morris*, &c., 6 Id., 611.

IV. It was not necessary that Lucas should be made a party defendant in this cause, in order to a complete determination of the rights of the plaintiff; and the rights of the defendant, Thompson, to the land in controversy in this suit, can be fully and completely determined without making Lucas a party. The rights of the defendant, Thompson, which may accrue to him by reason of the determination of this cause, can be as well and as safely adjudicated upon motion, or suit in equity between him and Lucas, as in this case. Under the provisions of section 2765 of the

Revision of 1860, it was also competent to hear and determine the cause without requiring Lucas to be made a party.

V. After giving to the testimony offered to be shown by the witness, Mr. Ransom (but which was rejected), its full weight and consideration, we are unable to see wherein it could affect the final determination of the case, and without deciding as to the correctness of the ruling of the Court, in excluding his testimony, the judgment of the District Court is

Affirmed.