WOODWARD v. DEAN.

1. **Judgment**: LIEN OF: UNPAID PURCHASE MONEY. A judgment against a vendor of real estate, who has a lien thereon for unpaid purchase money, does not become a lien upon the land sold, the creditor having no right, as against the vendee, to subject it to the payment of his judgment.

*Appeal from Des Moines District Court.*

THURSDAY, SEPTEMBER 20.

THIS is a contest between the creditors of John P. Sunderland, in relation to certain money due him for real estate sold the defendant, Dean's, intestate. The facts are stated in the opinion. The court found for the intervenor, Howard, and the plaintiff appeals.

*Trulock & Illick*, for appellant.

No appearance for appellee.

SEEVERS, J.—In 1866 John P. Sunderland sold to Frederick Dean certain real estate situate in Des Moines county, Iowa, and gave him a bond, whereby Sunderland agreed to convey said premises to Dean upon being paid the purchase money. In June, 1873, the intervenor, Howard, obtained a judgment against Sunderland, in the District Court of Des Moines county, and in the month of September following the plaintiff also obtained, in said court, a judgment

1. JUDGMENT: lien of: unpaid purchase money.

against said Sunderland.  On this last judgment an execution was issued, and the defendant, Dean, garnished.

The answer of such garnishee was filed in January, 1875, from which it appears that a certain amount was yet due from said Dean to Sunderland as a part of the purchase price of said real estate.   In June, 1875, the defendant, Howard, intervened in said garnishment proceeding and claimed that he was entitled to the money due Sunderland from Dean, because his judgment was prior, in point of time, to that of plaintiff, and was, therefore, the prior lien on the interest of Sunderland in the real estate.  The plaintiff claims the money under the proceedings in garnishment.

If Howard had such a lien as he could enforce by a sale of the real estate, and the purchaser under such sale could obtain a title thereto, although he, at the time of such purchase, had full knowledge of the rights and equities of Dean, then the claim of the intervenor, Howard, can be sustained, otherwise not.   We understand this question has been expressly determined adversely to the intervenor in *Baldwin v. Thompson*, 15 Iowa, 504, and in *Rogers v. Hussey*, 36 Iowa, 664.   In this last case the sale was upheld, not because the judgment against the vendor was a lien on the premises, but because the purchaser under the execution sale had no notice of the rights of the vendee.   It was said by DAY, J.:  "The judgment, therefore, was no lien upon this property," and in this respect the case of *Baldwin v. Thompson* was approved. The result is that the judgment of the District Court must be

REVERSED.