In the Matter of the Estate of ELIZABETH MILLER, Deceased.    Application for construction of Will.

**Wills:** DEVISE OF LAND SOLD UNDER CONTRACT.  A devisee under a will giving him all of certain land of which testator died seized takes nothing, where the testator had previously sold the land under a contract providing for payment in installments, and the purchaser was in possession and not in default at the time of testator's death; although the grantor then held the legal title as security, the testator's interest therein being merely personalty.

*Appeal ¯from Polk District Court.*—HON. W. H. McHENRY, Judge.

TUESDAY, MARCH 9, 1909.

REHEARING DENIED WEDNESDAY, MAY 12, 1909.

THIS is a proceeding to construe item 7 of the will of Elizabeth Miller.  From the decree of the lower court, Frank Linaberry, devisee named in such item, appeals.— *Affirmed..*

*C. C. Cole,* for appellant.

*Charles Hutchinson,* for appellees, minor residuary legatees.

*P. P. Pinkerton,* for appellees, other residuary legatees.

*W. L. Ryan,* for appellees, executors.

EVANS, C. J.—This is a proceeding brought by the executors of the will of Elizabeth Miller, deceased, asking for a construction of item 7 thereof, which item is as follows: "Item 7. I will and bequeath to my grandson Frank Linaberry all of the land of which I die seised in lot two of the official plat of . . . forming a part of the city of Des Moines, Polk County, Iowa." The testator was at one time the absolute owner in fee simple of all of said lot 2. Prior to making the will she had sold the south sixty feet of such lot to one Mrs. Dey by written contract of sale, which provided for payment of the purchase price by installments, to be paid monthly for a period of years. This contract was in full force and effect at the time of her death and ever since. The question at issue between the contending parties is whether Frank Linaberry, the devisee under item 7, takes thereunder the benefits and proceeds of the land contract referred to, or whether the same are to be deemed as a part of the residuary estate. The facts, in brief, are that in 1903 Mrs. Miller entered into a written contract of sale with Mrs. Dey, whereby the one agreed to sell, and the other agreed to buy, the south sixty feet of the lot in question for a consideration of $1,900, to be paid in installments, namely, $500 cash at the time of the execution of the contract, and $15 per month thereafter; the purchaser to pay all future assessments and taxes on the property and to have immediate possession thereof, and to pay six percent interest on deferred payments. It was also provided that whenever the principal sum was reduced to $950 the purchaser should be entitled to a warranty deed and should execute back a mortgage for the balance of the purchase money, payable with six percent interest at a future date. Time was made of the essence of the contract. In pursuance of the contract the purchaser entered into possession and has never been in default in any payment. The will of testator was executed on September 24, 1907. She died on October 20, 1907. The

land contract in question is not specifically mentioned in any item of the will. The will itself contains a residuary clause, and four persons are named as residuary legatees, of which the appellant is not one.

It is contended on behalf of appellant that, inasmuch as the testatrix at the time of her death held the legal title to all of lot two, the entire lot passed to him under item 7, subject only to the rights of Mrs. Dey. It will be observed that the rights of the devisee in this respect depend upon the question whether the interest of the testatrix under the land contract was "land" or personal property within the meaning of the law. It is argued that, because the testatrix held the legal title, her property was necessarily an interest in real estate, and therefore "land," and that because the possession of Mrs. Dey was under the contract with the testatrix, and in pursuance thereof, it was subordinate to the rights of the testatrix, and therefore was the constructive possession of the testatrix, and that such possession constituted "seisin" in testatrix. The summing up of this reasoning is that the testatrix therefore died "seised" of this "land." The subject of "seisin" has had a long career, and has been much understood and misunderstood by the most learned in the law. It has often lent itself to plausible arguments and to illogical results; but the subject has quite lost its complexity under our statute, which provides as follows: "Sec. 2912. All persons owning real estate not held by an adverse possession shall be deemed to be seised and possessed of the same." This section reduces the subject to the simplicity of the Gospel, and renders the doctrine available to every ordinary landowner whether he understand its syllogism or not. The prime question therefore for us to determine in this case is: Was it Mrs. Miller or Mrs. Dey who was the owner of the sixty feet in question at the time of Mrs. Miller's death? If Mrs. Dey was the owner of it, it could not pass under item 7. Under the previous decisions of this court, that question is outside

of the range of debate. It has been held repeatedly by this court that when a landowner enters into a contract of sale whereby the purchaser agrees to buy, and the owner to sell, and whereby the vendor retains the legal title until the purchase money or some part thereof be paid, the ownership of the real estate, as . such, passes to the purchaser, and that from such time forth the vendor holds the legal title as security for a debt and as trustee for the purchaser. The interest acquired by the vendee is "land," and the right and interest conferred by the contract upon the vendor is "personal property." In case of the death of the vendee, his interest in the land would descend to his' heirs. In case of the death of the vendor, his interest would pass as personal estate to his administrator. A judgment .against the vendee would become a lien on the land, inferior, of course, to the rights of the vendor. A judgment against the vendor would not become a lien upon the land, nor could an execution thereunder be made by levy and sale of the land. *Baldwin v. Thompson,* 15 Iowa, 504; *Woodward v. Dean,* 46 Iowa, 499.

In the case at bar the question whether. the possession of the vendee is "adverse" to that of the vendor, as the term is usually understood, we need not determine. There is a sense in which such possession is not adverse to the vendor, because it is maintained in harmony with and in pursuance of her voluntary contract; but the possession nevertheless is the possession of the vendee, and not the possession of the vendor. It is not adverse to any right of the vendor under the contract, but it is adverse to any right of possession in the vendor as long as the terms of the contract are performed; that is to say, the vendee is in possession as the owner, and the vendor can never of her own volition alone terminate. that right of possession. The testatrix therefore was not "seised" of the land in question, within the meaning of our statute, at the time of her death. A complete discussion of this question can be

found· in the following cases: *Bernhard's Estate,* 134 Iowa, 603; *Strang's Estate,* 131 Iowa, 583; *Miller v. McNair,* 11 Iowa, 525; *Perrine v. Jacobs,* 64 Iowa, 79.

Under the rules laid down in the cited cases, the testatrix held the legal title to the land in question as security only. Her ultimate rights were determined by the terms of her contract, and her interest therein constituted personal property. The benefits of the land contract must therefore pass to the residuary legatees, and not to the appellant.

The trial court so construed the will, and its decree is, accordingly, *affirmed.*