VEALE LUMBER COMPANY, Appellee, v. L. W. BROWN et al.,
Appellees; CHARLES E. FLAUGHER, Appellant.

MECHANICS' LIENS: Establishment—Definite and Certain Improve-
1   ment. A materialman must, in order to establish a mechanics' lien,
    show with reasonable certainty that the materials furnished by
    him were furnished for, delivered to, and employed in the erection
    of a *certain and definite* improvement.

MECHANICS' LIENS: Priority—Owner of Property. An owner of
2   real estate who, under a contract arrangement with a prospective
    purchaser, causes the property to be improved by said prospective
    purchaser by the erection of buildings thereon, may not claim priority
    over the liens of materialmen and laborers arising out of such im-
    provements.

MECHANICS' LIENS: Establishment—"Owner" Defined. The owner
3   of real estate and a prospective purchaser thereof may both be con-
    sidered the "owners" of the property, within the meaning of the
    Mechanics' Lien Law, when the improvements were erected under a
    contract arrangement between them which contemplated an ulti-
    mate transfer of the property to the proposed purchaser.

*Appeal from Plymouth District Court.*—WILLIAM HUTCHINSON,
Judge.

OCTOBER 23, 1923.

REHEARING DENIED FEBRUARY 8, 1924.

SUIT in equity, to establish and enforce a mechanics' lien.
There was a decree for plaintiff substantially as prayed, and
adjustment of the priority of liens asserted by other parties, and
the defendant Flaugher appeals. The essential facts are stated
in the opinion.—*Affirmed.*

*Herbert S. Martin,* for appellant.

*Roseberry & Roseberry, T. M. Zink, J. T. Keenan,* and *Nel-
son Miller,* for appellees.

WEAVER, J.—The presentation of this appeal is made somewhat confusing by the numerous and seemingly unnecessary filings of abstracts and briefs and amendments, but the essential questions are comparatively few and simple. Stated as briefly as practicable, the facts are substantially as follows:

The appellant, Flaugher, owning certain unimproved residence lots in the city of Le Mars, entered into an oral agreement with L. W. Brown, a carpenter and builder, by which a conveyance of said property to Brown was to be made in the future on terms as follows: Appellant was to advance to Brown money with which to erect one or more houses on the lots, at a cost not exceeding $4,000, and, when such improvement had been made, appellant would enter into a written contract to convey the property to Brown at the price of $5,000. Brown did proceed to make the proposed improvements, and erected two houses on the lots, and plaintiff did advance a considerable sum of money upon the expense so incurred. The cost of the buildings was considerably in excess of the amount of appellant's advancement; and, Brown being financially unable to pay the indebtedness thus arising, various dealers who had furnished materials for such improvements sought to establish liens therefor. The appellant, Flaugher, resisted the enforcement of these claims, insisting that his own claim for the purchase price of the lots and for his advancements was entitled to priority. The several actions or claims for liens asserted by other dealers were consolidated with that of plaintiff, for the purposes of trial. On trial to the court, a decree was entered, establishing all the liens substantially as demanded by such creditors, except the claim of the Sioux City Brick & Tile Company, which was sustained in part only. From this decree appeal has been taken by the defendant Flaugher and by the Brick & Tile Company. Other creditors acquiesce in the decree as rendered, and in the order of priority so established. This condition of the record renders it unnecessary for us to go into a statement or recitation of the merits of the several claims, except as they involve the amount allowed upon the demand of the Brick & Tile Company and the right of priority as between the appellant, Flaugher, and the appellees.

I.   Taking up first the appeal of the Brick & Tile Company.

The claim of this creditor, as filed, is for brick and other materials, aggregating $504.64. The amount allowed by the trial court upon these claims is $363.77. An examination of the evidence does not indicate to our minds any error in the court's conclusion thereon. The testimony fails to show with reasonable clearness the amount of materials justly chargeable to Brown or Flaugher in this connection. The item in dispute is the charge made for 14,000 brick, and it may be conceded that this number of brick was, in fact, shipped by the company from Sioux City to Brown; but it does not appear with any reasonable certainty that they were sold or furnished for the buildings in controversy. Brown was a building contractor, and was engaged on other jobs of that kind. The witness testifying to the account could say no more than that he shipped the brick to Brown, but did not know where Brown intended to use them, except that he (Brown) wanted them for "residence work." He did not say what residence work, and did not state the location. No attempt was made to prove the identity of the brick in the buildings with those sold to Brown, except that a member of the Brick & Tile Company swears that he afterward saw brick there which he recognized by color and appearance as having been sold by them, but he made no attempt to count them. There was other evidence having some tendency to indicate that the number of brick furnished was less than the full amount claimed. The dispute over this item is purely one of fact, and we are disposed to accord considerable weight to the findings of the trial court, which had the advantage of seeing and hearing the witnesses. We discover no reason for disturbing the decree in this respect.

1. MECHANICS' LIENS: establishment: definite and certain improvement.

II. The one important inquiry in the case is the issue of priority, as between the holders of mechanics' liens and the appellant, Flaugher; and upon this we think there can be little room for reasonable doubt that the decree may be sustained, upon the plainest principles of equity and good conscience. Flaugher's oral agreement with Brown not only contemplated the possibility of Brown's improving the property by constructing the proposed buildings, but bound him so to do, and provided that appellant should retain title and ownership in himself, to secure repay-

2. MECHANICS' LIENS: priority: owner of property.

ment of advances made for that purpose. This scheme was, in effect, to make Flaugher a principal, and Brown his agent, with an interest in the subject-matter of the agency. If Brown should succeed in completing the buildings with money furnished by Flaugher, and then, being impecunious, was unable to pay the agreed sum of $5,000, Flaugher, being given priority of claim, would thus have succeeded in getting his property improved with new buildings at the expense of Brown's creditors, at no cost to himself beyond his advancement on the raw materials. The situation so presented is unusual, but not without precedent. The principle upon which the trial court established the lien is clearly recognized by our former holding in *Kimball Bros. Co. v. Fehleisen,* 184 Iowa 1113, where the authorities in point are reviewed and discussed with care by Ladd, J. The cited precedent is so clear and decisive upon the point that it is scarcely necessary that we take any time for the restatement or repetition of the propositions there affirmed and approved. But see, as supporting the same conclusion, 18 Ruling Case Law 890; *Althen v. Tarbox,* 48 Minn. 18; 4 Ballard's Law of Real Property, Section 495; 1 Warvelle on Vendors 208; *Guiou v. Ryckman,* 77 Neb. 833 (110 N. W. 759).

For the purposes of this case, it is immaterial whether the oral agreement between appellant and Brown be held to be in the nature of a contract of agency, as we have suggested, or as a

3. MECHANICS' LIENS: establishment: "owner" defined.

tentative or enforcible contract for sale of the lots; for in either case, under the terms of the statute and its settled construction by the courts, both parties to such an agreement as the record discloses may be treated as "owners," within the meaning of the lien law, which declares that:

"Every person for whose use or benefit any building, erection or other improvement is made, having the capacity to contract, * * * shall be included in the word 'owner.' " Code Section 3096.

The rule in such cases is well stated by the court in the *Guiou* case, above cited, as follows:

"Where the vendor and vendee co-operate together in plans for erection of improvements upon real estate covered by their agreement, the interest of the vendor * * * is bound for the

payment of liens for labor and material which have been furnished for such improvements."

Indeed, to hold otherwise would be to open an easy door to collusion and fraud, at the expense of dealers in building materials. The admitted or undisputed facts in this case do not permit an application of the rule invoked by appellant, that a person who loans or advances money to another for the erection of buildings or other improvements on land acquires a lien superior to subsequently accruing liens of materialmen and laborers. As we have already noted, appellant is himself an "owner" of the property; the improvement has been made, not only with his knowledge and consent, but in pursuance of his own express contract; and it would be but little less than absurdity to hold that he is entitled to precedence for his contribution to the improvement of his own property, over creditors who furnished the materials used in making such improvement.

Other questions raised in argument are necessarily controlled by those we have already considered, and it is unnecessary to prolong this opinion for their discussion. The trial court did not err in holding that Flaugher's right and claim in the premises are subject to liens acquired by the materialmen.

The decree of the district court is affirmed upon both appeals.—*Affirmed.*

PRESTON, C. J., STEVENS and DE GRAFF, JJ., concur.