ALONZO GREEN, Appellee, v. HARRY SAXTON et al., Appellants.

MECHANICS' LIENS: Right to Lien—Purchaser in Temporary Posses-
1   sion.   A landowner who contracts to sell, but retains the legal title
pending the nonpayment of certain sums of money and the execu-
tion of a purchase-money mortgage, does not, *by allowing the pur-
chaser to enter into possession for the purpose of making specified im-
provements*, thereby arm the purchaser with power to charge the
property with mechanics' liens for improvements *other* than those
specified, and to subordinate the purchase-money mortgage thereto.

MECHANICS' LIENS: Operation and Effect—When Lien Attaches.  A
2   mechanics' lien attaches on the date when the laborer or material-
man *commences* to furnish his labor or material, and not on the date
when he *contracts* to furnish labor or material.

MECHANICS' LIENS: Priority—Enhanced Value of Mortgaged Prop-
3   erty.   Materialmen and laborers who have enhanced the value of
property already covered by a prior mortgage are not entitled to
priority over such mortgage to the extent of such enhancement when
the value of the property in its enhanced condition does not exceed
the amount of the mortgage.   Especially is this true when the
claimant for mechanics' lien has not seen fit to show the extent to
which he has enhanced the value of the property.

*Appeal from Page District Court.*—E. B. WOODRUFF, Judge.

DECEMBER 11, 1923.

SUIT in equity, to foreclose a mortgage.   The only defense
interposed was made by mechanics' lien holders who are defend-
ants herein.   There was a decree for the plaintiff, as prayed,
which established his priority over all other lien holders, and
which fixed the respective priorities of the various defendants
and cross-petitioners in the case.   The defendants, who are me-
chanics' lien holders, have appealed.—*Affirmed.*

*Stipe & Davidson, Orr & Turner,* and *Orville Green,* for
appellants.

*Stephens & Thornell,* for appellee.

EVANS, J.—I. The mortgage debtor and principal defendant is Saxton; Hamilton, as receiver of the Clarinda Trust and Savings Bank, is the holder of a second mortgage; the defendants Owen, Richardson, Boone, and Clarinda Hardware Company are mechanics' lien holders, respectively. These latter filed cross-petitions, setting up their mechanics' liens, and claiming priority over the plaintiff's mortgage. The only issues presented for our consideration on this appeal are those made by the cross-petitions of the respective mechanics' lien holders. The plaintiff's mortgage was a purchase-money mortgage. On March 8, 1920, the plaintiff, being the owner of the property now covered by his mortgage, entered into a contract with the defendant Saxton for the sale thereof. Under this contract, Saxton agreed to pay a purchase price of $15,000, of which sum $2,000 was paid at the time of the execution of the contract. $3,000 more was to be paid on June 1, 1920, whereupon a deed was to be executed by the vendor, and a purchase-money mortgage for $10,000 was to be executed by the vendee. On June 1st, Saxton defaulted in the payment of $3,000. On June 4th, Saxton paid the sum of $800, and obtained a written extension of time to July 1, 1920, for the payment of the remaining $2,200, which payment he later actually made, on the morning of June 28, 1920. On this date, he received a deed from the plaintiff, pursuant to the contract, and executed back the purchase-money mortgage upon which this suit is now brought. The general theory upon which each mechanics' lien holder claims to establish priority over this mortgage is that, prior to the making of the deed by plaintiff, and prior to his receiving the purchase-money mortgage, and between the dates of June 4th and June 28th, the plaintiff permitted Saxton to go into possession of the property and to make improvements thereon; and that in such interim he, the mechanics' lien holder, entered into contract with Saxton for the making of the certain improvements later made by him, and for the furnishing of material therefor. Upon this hypothesis of fact, each mechanics' lien holder contends, in substance, that his lien for the future improvements began with the date of the contract; that the consent of plaintiff to Saxton to enter into possession and to make improvements conferred authority upon

1. MECHANICS' LIENS: right to lien: purchaser in temporary possession.

Saxton to create a mechanics' lien upon the property, as against the plaintiff; and that such lien was superior to that of the plaintiff.

We speak of the mechanics' lien holders in the singular number because they all join in one argument, and each of them adopts such argument as for himself.

Much of the argument is predicated upon the proposition that the mechanics' lien attached in favor of the mechanic or materialman on the *date of the alleged contract,* and before any labor was done or material furnished. For instance, defendant Owen claims to have con-tracted with Saxton on June 14th, and defend-ant Richardson claims to have contracted with

2. MECHANICS' LIENS: operation and effect: when lien attaches.

him on June 21st. The first labor done by Owen was on June 28th, and the first item of the Richardson account was for mate-rial furnished on July 3d. There is no merit in the proposition that the mechanics' lien antedated the commencement of the work or the furnishing of material. The authorities cited by the appellants to such proposition do not support it at all. These are: *Monroe v. West,* 12 Iowa 119; *Jones v. Swan & Co.,* 21 Iowa 181; *Delaware R. Const. Co. v. Davenport & St. P. R. Co.,* 46 Iowa 406. These authorities hold uniformly that the lien attaches on the date of the commencement of the work or of the furnishing of the material. The lien of Owens, therefore, at-tached on June 28th, and that of Richardson on July 3d. Those of the other defendants attached still later. Between March 8th and June 28th, Saxton was the equitable owner of the real estate under his contract, without the right of possession. During that period of time, the vendor held the legal title, as security for the agreed purchase price. On the early morning of June 28th, the vendor conveyed to Saxton, and took back his purchase-money mortgage, now in suit. Following such conveyance, and with constructive notice of the mortgage, Owens began his work, on the same day. It appears also that, on June 4th, the vendor, in writing, gave to Saxton a qualified right of the possession, for the purpose only of making some improvements already agreed upon. These were of comparatively slight value, and none of these defendants contributed thereto. No claim of lien is pred-icated upon any contribution, either of material or of labor

therefor. It is contended, however, that, because of the permission and authority then given by the vendor, he conferred a power upon Saxton to create a right to a mechanics' lien upon the vendor's property. If this argument be granted, it could apply only in favor of those mechanics and materialmen who contributed to the improvements thus authorized. The proposition has no bearing upon the case of these defendants. If Saxton had defaulted in his contract, and if the vendor had undertaken to forfeit the same and to resume his title unclouded, and if, in such event, the mechanics and materialmen who had contributed to the improvements stipulated for on June 4th should claim mechanics' liens on the property, a very different question would be presented. Its various phases have been considered by us in many cases, which need not here be cited.

No one here is contesting the right of these defendants to claim mechanics' liens. The right to claim a mechanics' lien and the right to claim a *priority* for such lien over an antecedent mortgage are quite different in their nature. These defendants were awarded their liens, as claimed; but their right of priority over the plaintiff's mortgage was denied. The only controversy is over the question of priority. From and after the morning of June 28, 1920, Saxton came into the absolute right of possession and control of the property. He thereafter had a right to do with it as he would. The plaintiff had no control over his possession or over the contracts which he might make with mechanics and with materialmen for the improvement thereof. The lien of his purchase-money mortgage attached simultaneously with the deed to Saxton. In a legal sense, there was no hiatus. His rights under the mortgage were complete and vested before any lien of any of the defendants accrued. What transpired between June 4th and June 28th was a matter of no concern whatever to them, even though it be true that a mechanics' lien might have been established as against the plaintiff, for labor done or materials furnished in such interim. We hold, therefore, that there is no merit in the contention that these defendants' rights were in some manner enlarged by reason of the temporary permission given by the plaintiff to Saxton during the interim between June 4th and June 28th, Saxton being in no manner dependent upon such permission after he had obtained his deed.

II.   The final contention of the defendants is that their labor and material bettered the property and increased its value to a very substantial extent, and that they are, therefore, entitled, under the provision of Section 3095 of the Code of 1897, to take an accounting of the respective values of the property as it was before the improvement, and as it was after the improvement, and to have such increased value awarded to the defendants; that, in any event, they are entitled to a pro-rata distribution of the proceeds of the sale of the improved property, so as to award to them a pro-rata share of such proceeds in such proportion as the value of the improvements bears to the original value of the property.   It is also averred by them that the total value of the property in its improved form will not exceed $10,000.

*3. MECHANICS' LIENS: priority: enhanced value of mortgaged property.*

There are several insuperable obstacles in the way of awarding such remedy to the defendants.   The cited section is somewhat obscure in its terminology.   It has, however, been frequently construed by us, and such construction is quite decisive against the defendants.   The closing sentence of such statute is as follows:

"In case the premises do not sell for more than sufficient to pay off the prior mortgage or other lien, the proceeds shall be applied on the prior mortgage or other liens."

This section was construed by us in *German Bank v. Schloth,* 59 Iowa 316; *Curtis Bros. & Co. v. Broadwell,* 66 Iowa 662; *Getchell & Tichenor v. Allen,* 34 Iowa 559; *Miller v. Seal,* 71 Iowa 392; *Leach v. Minick,* 106 Iowa 437.   All these cases hold that, where the improvement as such has become a necessary part of the realty, a claimed mechanics' lien cannot take priority over antecedent mortgages, as to any part of such realty or such improvements.   It is contended, however, that the improvements in these cases were all removable and separable from the realty without substantial injury to its previous condition. This presents a question of fact.   The finding of the district court was adverse to the appellants thereon.   We agree with the trial court in such finding.   Indeed, if the fact were to be found otherwise, and if it were found that there were parts of this improvement which could be isolated, and upon the proceeds of which a superior claim could be established in favor of the

mechanics' lien claimants, there is nothing in the record from which the particular amount due to each claimant from the proceeds of such improvement could be determined. Each claimant proved his claim as a whole. What part of it went into any particular severable improvement, if any, does not appear. Though the appellants have joined in the same argument here, they are not joint parties. Each one has prosecuted his independent claim. Their respective liens are not contemporaneous. They have their respective priorities in the following order: Owen, Richardson, Boone, Clarinda Hardware Company. If, therefore, they should be deemed entitled to a preference in the distribution of the proceeds of some severable improvement, Owen would be entitled to the prior lien thereon. But as to such improvement, could he claim a lien for more than he had contributed to that improvement? He might have contributed nothing thereto; or he might have contributed much less thereto than the value or proceeds thereof, or much less than one of the inferior lien holders. No data is furnished in the record whereby we might pass upon any of these questions. They would be quite material if appellants' construction of Section 3095 were to be sustained. What we have already said indicates our view that such construction runs counter to the construction which has been uniformly followed heretofore. The second mortgage appearing in the record was executed on June 23, 1920, and by its terms is made subject to the plaintiff's purchase-money mortgage, then in contemplation. The decree of the trial court has established the priority of plaintiff's mortgage, and established the second mortgage as next in priority; likewise, the priority of the respective mechanics' liens was established in accordance with the dates of their filing. As we have already indicated, we think the decree is unassailable, and it is, accordingly, affirmed. —*Affirmed.*

PRESTON, C. J., ARTHUR and FAVILLE, JJ., concur.