BERTHA M. KNAPP, Appellant, v. MARK D. BALDWIN et al., Appellees.

No. 41019.

OCTOBER 20, 1931.

C. B. Stull, for appellant.

W. B. Hays, for Clarence A. Tannehill and A. M. Peatmann, appellees.

C. A. Baker, for J. W. Shkolnick, appellee.

Howell, Howell & Howell, for Fisher Lumber Co., appellee.

26

WAGNER, J.—The sole question involved in this appeal is, as to whether or not the liens of the defendants and cross-petitioners are entitled to priority over the vendor's lien of the plaintiff, as held by the trial court. The real estate herein involved is a residence property located in the city of Centerville. At all times material to the controversy, the plaintiff was a resident of the city of Des Moines. On June 10″ 1929, the plaintiff, the owner of the real estate, entered into a written contract with the defendant, Baldwin, for the sale by the former to the latter of said real estate for the consideration of $1500.00. The contract provides for the payment of $62.50 on the 10″ day of September, 1929, the same amount quarterly for a period of three years, and the remainder on June 10″ 1932, with interest upon all deferred payments, and that upon receiving the full amount of the consideration price, the plaintiff was to deliver unto the vendee a warranty deed for the real estate and furnish an abstract showing merchantable title to the date of the contract, or after said time, by any act of the grantor's. The contract further provides:

"And the said second party (the vendee) hereby obligates himself, his heirs, and assigns, that all improvements placed upon said premises shall remain thereon and not be destroyed until final payment for said premises under this contract, and does agree to pay all taxes also and assessments that may accrue on said property as they become due or before they become delinquent and give receipts to said first party, including the taxes for the last half due and payable in the year 1929. And it is further agreed by the said second party that they will keep the buildings now erected or hereafter to be erected upon said premises insured for the benefit of the said first party, his successors or assigns, as long as this contract shall remain a lien upon said premises in the sum of Twelve Hundred Dollars," etc.

This contract was neither recorded nor acknowledged. The vendee went into possession of said real estate about July 1″ 1929, and during the summer and autumn of said year he made arrangements with the defendants and cross-petitioners for the furnishing, by them, of material and labor, not for an independent structure, but solely for repairs and improvements upon the house then situated upon the real estate. Statements

for mechanics' liens were filed by the defendants and cross-petitioners on or before December 24" 1929. The contracts of the materialmen and laborers were entered into between them and the vendee, Baldwin, and there is no claim that there was any contractual arrangements as between them and the plaintiff-vendor, unless it be that Baldwin was the agent of the vendor, which is hereinafter considered.

It is well settled by our previous cases, that under a contract, such as the one between the vendor-Knapp and the vendee-Baldwin, Baldwin held the equitable title to the real estate and Knapp retained the legal title as security for the payment of the purchase price. Baldwin held an equitable title in the real estate which upon his death would descend to his heirs, but Knapp's interest was only personal property, which upon her death would pass to her personal representatives and not to her heirs. See Wood v. Schwartz, 212 Iowa 462; Cumming v. First National Bank of Sigourney, 199 Iowa 667; In re Estate of Miller, 142 Iowa 563; In re Estate of Bernhard, 134 Iowa 603; Baldwin v. Thompson, 15 Iowa 504; Woodward v. Dean, 46 Iowa 499. It must also be conceded that the right to a mechanic's lien is purely statutory and rests upon the provisions of our statutes upon that subject. See Ellis v. Simpson, 199 Iowa 671; Schoeneman Lumber Company v. Davis, 200 Iowa 873. Since Baldwin was the equitable owner of the real estate, he was an owner of the real estate within the meaning of our Mechanics' Lien Law, Section 10270, Code, 1927. We have held, that under certain circumstances, both the vendor and the vendee in a contract of sale may be the owner of the real estate within the meaning of the Mechanics' Lien Law. See Veale Lumber Company v. Brown, 197 Iowa 240; Kimball Bros. Company v. Fehleisen, 184 Iowa 1109; Janes v. Osborne, 108 Iowa 409; Schoeneman Lumber Company v. Davis, 200 Iowa 873. Our statute, Section 10270, Code, 1927, provides that the word owner shall include every person for whose use or benefit any building, erection, or other improvement is made, having the capacity to contract, including guardians. Since the right to a mechanic's lien is purely statutory, then appellees are not entitled to any relief as against the appellant, unless they come within the purview of the statutory law. Section 10271, Code, 1927, provides:

"Every person who shall furnish any material for or perform any labor upon any building, including those engaged in the construction or repair of any work of internal improvement * * * by virtue of any contract with the owner, his agent, trustee, contractor, or subcontractor shall have a lien upon such building and upon the land belonging to such owner on which the same·is situated * * *."

There is no claim on the part of the appellees that they entered into any contract directly with the appellant, Knapp, for the materials and labor furnished; neither is there any claim that Baldwin, the vendee, was a trustee, contractor or subcontractor of the appellant, Knapp. The appellees' sole contention at this point is, that the vendor, Knapp, constituted the vendee, Baldwin, her agent for the making of the improvements and authorized him to make the same. Hence, the question for our determination at this point is, Did the vendor constitute the vendee her agent for the purpose of making the improvements? The appellees rely upon the provisions of the written contract hereinbefore set out. They also rely upon conversations relative to improvements had at· the time when the contract was entered into between the vendor and vendee, as testified to by the vendee and denied by the vendor. It is not claimed by the vendee that, as a result of their oral negotiations, he was in any way obligated or required to make the improvements. In Ilten & Taege v. Pfister, 202 Iowa 833, at 835, the rule applicable for the determination of this proposition is well stated as follows:

"The rule is well settled in this state that, where a vendor who retains the legal title as security, by his contract requires the vendee to make improvements upon the land sold, his interest becomes subject to a mechanic's lien therefor. Veale Lbr. Co. v. Brown, 197 Iowa 240 ; Kimball Bros. Co. v. Fehleisen, 184 Iowa 1109."

This is the rule generally recognized in other jurisdictions. See Note in Ann. Cases 1916-C, Page 1135. Since there is no claim that there was any contract made as between the appellees and the vendor, in order for the appellees to prevail under their theory, they must allege and prove that the vendee was the agent of the vendor, with authority from her to make the improve-

ments. If the vendee was under any obligation or requirement to make the improvements this would be sufficient to constitute an agency as between the vendor and the vendee, but the mere expectation on the part of the vendor that the vendee will make improvements is not enough. See 18 R. C. L. 897. Under the aforesaid contract, as we have hereinbefore ascertained, the vendee was the equitable owner of the real estate and he had the legal right to make the improvements without anything in the contract to that effect. He was not required by the contract or obligated thereunder to make any improvements. The vendee, the equitable owner of the real estate, had the right to do as he pleased with the real estate, so long as he did nothing to injure or materially decrease the value of the property, the legal title of which was held by the vendor as security for the payment of the purchase price. In Green v. Saxton, 196 Iowa 1086, we said:

"He (the vendee) thereafter had a right to do with it as he would. The plaintiff (vendor) had no control over his possession or over the contracts which he might make with mechanics and with materialmen for the improvement thereof."

The repairs and improvements upon the house necessarily constituted a portion of the real estate and this is true without regard to the specific provisions of the contract hereinbefore quoted.

The appellees contend that the plaintiff-vendor knew of the improvements that were being made. This is denied by her. It is the repeated pronouncement of this court that knowledge on the part of the vendor that the vendee is making improvements upon the premises described in the real estate contract is not sufficient to give the lien of materialmen priority over the vendor's lien. See Schoeneman Lumber Company v. Davis, 200 Iowa 873; Ellis v. Simpson, 199 Iowa 671; Joyce Lumber Company v. Wick, 200 Iowa 796. It is quite clear from a careful reading of the record, including the aforesaid contract, that the plaintiff-vendor did not constitute the vendee-Baldwin her agent to act for her in the making of the improvements within the meaning of Section 10271, Code, 1927; and, unless the vendee was such agent, the defendant cross-petitioners must fail in their contention, unless it be for other matters relied upon by them hereinafter considered.

30

But appellees contend that the vendor, after ascertaining that the improvements were made, failed to repudiate the contracts made by the vendee for the improvements, and that she ratified the same. Ratification does not apply, unless it be that the vendee acted as the agent, without authority, or in excess of his authority, or assumed to contract as agent of the vendor with the materialmen and laborers for the improvements. See 40 C. J. 97; Moron v. Tuttle, 211 Iowa 584. Ratification cannot be based upon the acts of another, where such other did not pretend or assume to act as agent. Moron v. Tuttle, 211 Iowa 584. In this case we said:

"True, a person who assumes to act as agent, must purport to be the agent of the alleged principal, and what he does must purport to be done in the name of or on behalf of such principal. If he does not pretend or assume to so act for another, no ratification can be based thereon."

Appellees, in their verified statements for mechanics' liens, allege that the contracts were made with Baldwin, who they allege is the owner of the real estate, and that the improvements were made under said contracts. In what the vendee-Baldwin did in entering into the contracts with the cross-petitioners for the improvements, he acted solely for himself and did not act or assume to act for the vendor. It is quite clear that, under the record, appellees' contention as to ratification must fail.

The appellees, in argument, rely upon the principle of equitable estoppel. Their pleadings are insufficient to raise the issue, and neither is the evidence sufficient to constitute an estoppel. The appellees argue that the plaintiff-vendor knew that the improvements were being made. The plaintiff-vendor, as a witness, denies any such knowledge. Even if she had such knowledge, this is insufficient to constitute an estoppel as against her. See Mahnke v. Marken Acres Company, 187 Iowa, 762; Ellis v. Simpson, 199 Iowa 671; Keefe v. Cropper, 196 Iowa 1179. In order to constitute an estoppel, there must be some conduct, some act of commission or omission by one party upon which the other party invoking estoppel has a right to rely, and does rely to his prejudice. Estoppel is not made out in the absence of evidence that the act or conduct relied upon to constitute the

same was acted upon by the other party so that he was misled to his prejudice. See King v. Knudson, 209 Iowa 1214; City of Boone v. Radtke, 87 Iowa 363; Redhead v. Iowa National Bank, 127 Iowa 572; Easton v. Somerville, 111 Iowa 164; Gardner v. Roach & Keck, 111 Iowa 413; Vogt v. City of Grinnell, 123 Iowa 332; Lord, Owen & Company v. Wood, 120 Iowa 303. The appellees' contracts for improvements were made with the vendee, acting solely for himself. The appellant was the record owner of the real estate, as shown by the records in the recorder's office of the county in which the real estate was situated. The appellees were chargeable with constructive notice of what the records in the recorder's office showed. See Keefe v. Cropper, 196 Iowa 1179. A mechanic's lien holder is not a subsequent purchaser for value within the meaning of our recording act and must, at his peril, take notice of all liens and encumbrances, whether recorded or not. See Fletcher v. Kelly, 88 Iowa 475. A careful reading of the record reveals no act of commission or omission on the part of plaintiff-vendor upon which they had a right to rely, or upon which they did rely to their prejudice, and as hereinbefore stated, their pleadings are insufficient to raise the issue of estoppel.

There is no contention by the appellees that they are entitled to any preference as to the improvements made upon the real estate by reason of the provisions of Section 10289 and 10290, Code, 1927. It is true, that, where the improvement consists of an independent structure which can be removed from the real estate, without substantial damage thereto, we have established the mechanic's lien as against the independent structure and permitted a sale of same to make the amount of the lien, and the removal thereof from the real estate. Lincoln National Life Insurance Company v. McSpadden, 211 Iowa 97. But in the instant case, the claims of the cross-petitioners are for repairs and improvements to the dwelling house which was already situated upon the real estate and had become a part thereof, and the repairs and improvements made by the appellees can not be taken or removed from the residence thereon situated without material and substantial damage to the whole of the real estate. In such case the mortgage or vendor's lien of prior date is entitled to priority, both as to the real estate and the improvements thereon situated. See German Bank v. Schloth,

59 Iowa 316; Curtis Bros. & Co. v. Broadwell, 66 Iowa 662; Miller v. Seal, 71 Iowa 392; Leach v. Minick, 106 Iowa 437; Green v. Saxton, 196 Iowa 1086. It follows that the judgment and decree of the trial court must be, and is hereby, reversed.

One other matter demands our attention. The appellees have filed a motion to dismiss the appeal and tax the costs to the appellant. This motion was ordered submitted with the case. Notice of appeal was served on October 9th, 1930. On January 12″ 1931, the Chief Justice of this court granted an extension of time for the filing of abstract by appellant for thirty days after receipt of the transcript from the court reporter. The transcript was received by appellant on April 15th, 1931, and appellant's original abstract was filed with the clerk of this court May 14, 1931. Therefore, said abstract was filed within the period of time prescribed by the statute. See Sections 12847 and 12848, Code, 1927. The argument of the appellees on their motion to dismiss is to the effect that what the appellant has denominated an abstract cannot be called an abstract. It consists of the pleadings necessary to determine the issues in the case, the judgment rendered, necessary certificates and also the evidence, the latter being set out in transcript form, giving the questions and answers. It must be conceded that the abstract is not a model, but it is sufficient to constitute a filing within the statutory period. Thereafter, the appellant filed what she denominates an "Amendment to the Abstract," in which the testimony is set out in abstract form, generally omitting the questions and answers. By appellant's method of presentation, she has used 69 pages of printing which were not beneficial to either the appellees or this court. Under our rules, only so much of the record should be set out as is necessary to show the rulings of the court and to a full understanding of the questions presented. Questions and answers should be avoided, unless necessary to a full understanding of the questions presented. The appellees should not be required to pay the costs of useless printing. Plaintiff's Motion to Dismiss the Appeal is overruled, but the amount of $69.00 for the excessive, useless printing on the

part of appellant is hereby taxed to the appellant. All other costs are taxed to the appellees.—Reversed.

FAVILLE, C. J., and STEVENS, DE GRAFF and ALBERT, JJ., concur.