QUEAL LUMBER COMPANY, a Corporation, Appellant, v. MAY McNEAL et al., Appellees.

No. 44569.

MARCH 14, 1939.

Hallagan, Fountain, Stewart & Cless, for appellant.

S. B. Allen, E. S. Tesdell, and Raymond Hedinger, for appellees.

OLIVER, J.—On April 8, 1936, appellee, Susan N. Hedinger, the owner of part of a vacant lot in Virginia Heights, Des Moines, Polk county, Iowa, entered into a written contract to sell the same to appellee, E. G. McNeal. The contract provides that the purchase price of $600 is to be secured by a junior mortgage

and that "Buyer is permitted to mortgage * * * Va. Hts. in a 1st mtg. for $3,000."

On July 2, 1936, between 3:40 and 3:53 p. m., the following instruments conveying said property were placed of record in Polk county: (1) Deed from S. N. Hedinger to May McNeal (wife of E. G. McNeal) made pursuant to said contract and dated May 26, 1936. (2) First mortgage from May McNeal and E. G. McNeal for $2,700 to Des Moines Building-Loan & Savings Association, dated July 2, 1936. (3) Mortgage from May McNeal and E. G. McNeal to Susan N. Hedinger for $600, dated July 1, 1936, this being the purchase price mortgage and being made subject to and junior to the $2,700 first mortgage above mentioned.

The McNeals built a house upon said premises for which, beginning June 30, 1936, appellant, Queal Lumber Company, furnished certain building materials to the McNeals. It appears that the proceeds of the $2,700 loan were left with the mortgagee, Des Moines Building-Loan & Savings Association, and that the association paid itself $110.35 to apply on installments of principal and interest due on said mortgage loan. The record does not disclose what arrangement the parties may have had relative to said fund.

On July 25, 1936, the Queal Lumber Company was paid $225 from said fund. However, this was the only payment made on this account and the final balance due Queal Lumber Company from the McNeals on said account was $397.03. A mechanic's lien was filed by the lumber company in December 1936, and this action in equity was instituted to foreclose the same. The McNeals and the two mortgagees were made parties defendant, the principal issue being the priority of the mechanic's lien over each of the two mortgages.

The decree of the trial court established the two mortgages as superior to the mechanic's lien with the exception of the $110.35 which Des Moines Building-Loan & Savings Association had charged against said account to apply on interest and principal of its loan. As to this $110.35 the mechanic's lien was adjudicated to be superior to the mortgages. Queal Lumber Company has appealed from the part of the decree denying it priority over the mortgages.

■ I. Appellant contends its mechanic's lien is superior to the association's $2,700 mortgage, under section 10287, Code

of Iowa, 1935, which provides in part that mechanics' liens shall be preferred to all other liens, except liens of which the contractor or subcontractor, as the case may be, has actual or constructive notice before the commencing of the work or furnishing the material. It is urged that appellant could not have had notice of this mortgage prior to the time it started to furnish material because this mortgage was neither executed nor recorded until several days thereafter.

The difficulty with appellant's position is that it did have such constructive notice of the lien of this mortgage and also of the purchase price mortgage, as to put it upon inquiry at and prior to the time it furnished any of the building material in question. The record title to the real estate was in the name of S. N. Hedinger at all times in question up to July 2, 1936, at which time was recorded her deed to May McNeal, and practically simultaneously the two mortgages in controversy herein. On June 30, when the first material was furnished to the McNeals, their interest in said real estate was based solely upon the contract to purchase the same from S. N. Hedinger, of date April 8, 1936. This contract required the McNeals to make a second mortgage for $600 to S. N. Hedinger for the purchase price of said real estate. Furthermore, the contract contemplated and consented to the making of a mortgage by the McNeals to someone for $3,000 which should be a first mortgage and prior to the Hedinger purchase price mortgage. Had appellant pursued the inquiry required of it by reason of the notice it was bound to take from the fact that the record title was in the name of S. N. Hedinger and the McNeals had no record title, the foregoing matters could have been ascertained. Therefore, appellant was charged with notice of the contents of the unrecorded contract. Furthermore, appellant has no valid ground for complaint that the first mortgage actually executed amounted to $2,700 which was somewhat less than the amount contemplated by the contract with the lot owner. The record contains no evidence of the purpose for which the proceeds of this mortgage were to be used and, therefore, appellant was not shown to be adversely affected by having its lien subjected to a mortgage for a lesser amount than had been contemplated.

Magnesite Products Co. v. Bensmiller, 207 Iowa 1303, 224 N. W. 514, involved a controversy similar to the one at bar. In that case the contract to sell the lot contemplated a

first mortgage to someone, as in the case at bar, and a second mortgage to secure the purchase price. It was contended that the mechanic's lien for material furnished for the house was superior to both mortgages. There the first mortgage was not executed and recorded until two months after the first material was furnished, and seven weeks after the deed to and mortgage from the contract purchaser were executed and delivered. In that case the court quoted at length from Marker v. Davis, 200 Iowa 446, 204 N. W. 287, and said, 207 Iowa, loc. cit. 1306, 224 N. W., loc. cit. 515:

"Manifestly, under this record, the vendee, Bensmiller, never owned anything but an equity in the lot. Such equity was at all times subject to the first and second mortgages above described. Thus, when appellee furnished the material which is now asserted as the basis for the mechanic's lien, Bensmiller had only said equity in the realty. * * * Aptly, it is said in the Marker case, supra:

" 'This contractual right to a mortgage [the one named in the sale contract] was, in equity, the equivalent of a mortgage, and might properly be deemed an "equitable mortgage," in that equity will enforce a contract for a mortgage as effectively as the mortgage itself. When the mortgage contracted for is actually executed, and delivered to and accepted by the plaintiff, then he has a mortgage in express terms, and not a mere right to one. * * * The plaintiff held the legal title as security for the purchase price. His record title protected him, as constructive notice to third persons. The mechanics' lien attached to the interest of Welle, and did not rise above it. The claimant was charged with notice of Welle's contract and of its contents. The mechanics' lien claimant, being thus charged with notice of the limited extent of Welle's interest at the outset, continued to be so charged to the end of the transaction. The mechanics' lien, therefore, never took priority as for want of notice. It is argued, however, that, by the express terms of the contract between plaintiff and Welle, the plaintiff was to have *no* lien until after the platting and the filing thereof, and that, therefore, the mechanics' lien necessarily took priority in this interval. The argument is plausible, but not wholly sound. The very contract *for a lien* created a lien as between the parties. A lien good between the parties was good as against third parties

who had notice thereof. * * * We deem it clear, therefore, that, as between plaintiff and Welle, the plaintiff had a lien at all times, under the express provisions of his contract, and that his alleged waiver thereof was a qualified one, and for a limited purpose; * * * '."

Continuing with the Magnesite case at page 1308, 224 N. W. at page 516:

"Also, in the case at bar, appellant Schemann, like the plaintiff in the Marker case, retained the record title until after the appellee commenced furnishing materials for the house. Resultantly, appellee had notice of Schemann's rights under the contract, which included both the first and second mortgages."

In Knapp v. Baldwin, 213 Iowa 24, loc. cit. 31, 238 N. W. 542, loc. cit. 546, the court said:

"The appellees' contracts for improvements were made with the vendee, acting solely for himself. The appellant was the record owner of the real estate, as shown by the records in the recorder's office of the county in which the real estate was situated. The appellees were chargeable with constructive notice of what the records in the recorder's office showed."

Some of the above cases cite a holding in Fletcher v. Kelly, 88 Iowa 475, 55 N. W. 474, 21 L. R. A. 347, to the effect that a mechanic's lienholder is not a purchaser for value. The Fletcher case was decided at a time when the mechanic's lien statute (see subsection 3 of section 3095, Code of 1897) did not contain the provision of the present statute, Code section 10287, which gives a mechanic's lienholder priority over liens of which he had no actual or constructive notice. Appellant contends that the foregoing provision of the present statute changed the rule enunciated in the Fletcher case and urges that we so declare in this case. However, as above noted, appellant in this case was charged with notice of the contractual right to the mortgages by the condition of the record title. Therefore, appellant's lien is subject to said mortgages and a consideration here of the rule of the Fletcher case is unnecessary.

II. Appellant contends that the court erred in according the Hedinger mortgage priority over the mechanic's lien

of the lumber company because the contract between Hedinger and McNeal contemplated the improvements to be made by Mc-Neal and that thereby appellee, Hedinger, authorized and consented thereto, rendering her vendor's lien and second mortgage junior and inferior to said mechanic's lien. In the case of Queal Lumber Company v. McNeal et al., 226 Iowa 631, 284 N. W. 479, decided at the present session of this court, Justice Sager considered this identical contract and held against the identical contention of appellant in that case. Further comment is unnecessary.

III. Appellee, Des Moines Building-Loan & Savings Association, refers in its argument to the holding of the court that the mechanic's lien was superior to the mortgage as to the sum of $110.35, and states, "From this part of the decree Des Moines Building-Loan and Savings Association has appealed." The abstract does not show any appeal or cross-appeal by said appellee, nor is there any such showing otherwise of record. Therefore, the same may not be considered.

The record requires an affirmance of the decree of the district court.—Affirmed.

MITCHELL, C. J., and SAGER, HAMILTON, BLISS, HALE, and MILLER, JJ., concur.