JOYCE LUMBER COMPANY, Appellant, v. JOHN WICK et al.,
Appellees.

**MECHANICS' LIENS:**　Persons Entitled to Lien—Contractor of Ven-
dee. A mechanics' lien may not be established against the land of
a vendor or against a building thereon of which the improvement be-
came an integral part, when the vendor is not, directly or indirectly,
a party to such improvement. Especially is this true when the
vendee is not a party to the action to foreclose such claimed lien.

Headnote 1:　27 Cyc. pp. 60, 362.

*Appeal from Lyon District Court.*—WILLIAM HUTCHINSON,
Judge.

OCTOBER 27, 1925.

ACTION to foreclose a mechanics' lien. Upon the conclu-
sion of the testimony, the trial court dismissed the petition, and
taxed the costs to the plaintiff. From the judgment entered,
plaintiff appeals.—*Affirmed.*

*Fisher & Riter,* for appellant.

*E. C. Roach,* for appellees.

DE GRAFF, J.—Plaintiff demands judgment against the de-
fendant John Wick in the sum of $968.15, and prays that a
mechanics' lien be established and enforced against a certain
described parcel of real estate, and that a vendor's lien held by
the defendants F. L. Sutter and E. O. Carpenter against the
real estate be decreed junior and inferior to the alleged lien of
plaintiff thereon. A recital of the facts readily marks the path-
way of the decision to be made in this case.

The legal title to the real estate in question is in the ap-
pellees Sutter and Carpenter. The defendant John Wick, in
consideration of $7,500, of which $500 was paid, purchased the
property by a written contract, and forthwith took possession
thereof. During his possession he made certain improvements

in the building located on the land. The claim of plaintiff, as
contractor, is based on the value of the materials furnished by
plaintiff for said improvement, which consisted of hardwood
flooring that was laid, and became a permanent part of the struc-
ture then in existence.

It appears from the record that the defendants Sutter and
Carpenter, under their contract with Wick, had a vendor's lien
to secure the balance of the purchase price. The vendor-defend-
ants had no actual or express agreement with the materialmen
or with the vendee, Wick, respecting the making of this improve-
ment, and the facts do not give rise to a quasi contractual obli-
gation. Nor does the evidence disclose that the vendor ever
acquiesced in or consented to the making of the improvement.
No credit was extended in reliance upon anything said or done
by the vendor. Mere knowledge on the part of the vendor that
the vendee had made improvements on the building is not suffi-
cient to create an implied promise on the part of the vendor to
pay for the improvement. *Hunt Hdw. Co. v. Herzoff*, 196 Iowa
175. Nor does it create a lien on the interest of the vendee in
favor of the materialman, superior to the lien of the vendor.
*Ellis v. Simpson*, 199 Iowa 671; *Royal Lbr. Co. v. Hoelzner*,
199 Iowa 24. It may be conceded that the defendant Wick
acquired an equitable title to the property to which the lien of
the materialmen attached, since the vendee is an owner, within
the purview of the statute. Section 10270, Code of 1924; *Veale
Lbr. Co. v. Brown*, 197 Iowa 240.

The insuperable difficulty in the instant case is that the
vendee, Wick, although a nominal party, was never served with
notice of this action. Consequently, the claim declared upon
cannot be established as against him or against any interest
which the vendee may have in the real estate. The building on
the real estate was a part of the real estate, and a vendor's lien
attached. The improvement or betterment made by the vendee,
under an alleged contract with plaintiff, did not constitute an
original and independent structure, but became an integral
part of the building then on the land, and could not be removed
without damage to the realty. Under such facts, even though
the vendee had been duly and legally noticed, a court would not

be justified in disturbing the premises and thereby causing a material injury to the security of prior lien holders.

The trial court ruled correctly, and the petition was properly dismissed. The decree entered is—*Affirmed.*

FAVILLE, C. J., and STEVENS and VERMILION, JJ., concur.