ILTEN & TAEGE, Incorporated, Appellant, v. MARGARET PFISTER et al., Appellees.

**MECHANICS' LIENS:   Right to Lien—Unauthorized Sale by Cotenant.**
1   One tenant in common may not, without authority from his cotenants, so sell the property as to render it liable to a mechanic's lien for material contracted for by the purchaser.

**MECHANICS' LIENS:   Property Subject to Lien—Abandoned Equitable**
2   **Interest.**   One who purchases property under a contract which provides that, in case of forfeiture, all improvements placed thereon by the purchaser shall belong to the vendor, and who voluntarily surrenders and abandons the property, has no such interest in the property as may be made subject to a mechanic's lien.

**MECHANICS' LIENS:   Property Subject to Lien—Furnace.**   The re-
3   fusal to establish a mechanic's lien against a duly installed furnace is proper when the removal of the furnace would leave the building in a dilapidated condition.

Headnote 1:   40 C. J. pp. 62, 109.   Headnote 2:   40 C. J. pp. 62, 340. Headnote 3:   40 C. J. pp. 71, 506.

Headnote 2:   18 R. C. L. 885.   Headnote 3:   18 R. C. L. 893.

*Appeal from Linn District Court.—F. L.* ANDERSON, Judge.

DECEMBER 14, 1926.

Action in equity to foreclose a mechanic's lien. Judgment dismissing the petition, and plaintiff appeals.—*Affirmed.*

*Barnes, Chamberlain, Hanzlik & Thompson,* for appellant.

*Carl F. Jordan,* for appellees.

STEVENS, J.—On or about October 23, 1923, Peter A. Muir, as administrator of the estate of A. W. Muir, entered into a contract with Margaret Pfister for the purchase and sale of Lot 4, Fractional Block 1, May's Replat of May & Covell's Addition, in the city of Cedar Rapids, for a consideration of $4,200, to be paid in monthly installments, as therein provided. The contract contained the following provision:

"It is further understood and agreed that the purchaser will furnish and install a bathroom equipment complete and such other equipment as they deem necessary to the use of the second floor for two-room apartments. This work will be started on obtaining possession and completed within six months thereafter. Possession not later than Dec. 1, 1923."

On or about December 19, 1923, appellant orally sold Margaret Pfister a furnace which they installed in the residence situated on the above described property. There is a balance due on the purchase price of the furnace of $195. On October 9, 1924, appellant filed a mechanic's lien on the above described property in the office of the clerk of the district court of Linn County. After making a few payments on the purchase price of the property, the vendee voluntarily abandoned it, and makes no claim in this action thereto. Mrs. Muir died intestate, and the defendants, except Margaret Pfister, are her heirs at law, and include Peter A. Muir, the administrator of her estate. Counsel stipulate that the contract between the administrator and Mrs. Pfister was neither authorized nor approved by the probate court. The record does not show whether it was necessary to sell the real

estate to pay claims against the estate. The sum total of all payments made by the purchaser was slightly less than $300.

Appellant contends: First, that, by the provision of the contract quoted above, both the vendor and the vendee contemplated the installation of a new furnace in the building, and that, therefore, the property is subject to a mechanic's lien; second, that, in any event, appellant is entitled to a personal judgment against the administrator, who entered into the contract of sale without authority; and that it is, in any event, entitled to the foreclosure of its lien upon the furnace.

As one of the heirs, the administrator was a tenant in common with the other heirs, and, of course, could have sold his undivided interest in the property, but is not shown to have had authority to sell the interest of his cotenants. Ratification of the contract by them is pleaded, but no evidence was introduced to sustain the same. Payments were made on the contract to the administrator, but the evidence does not disclose that the funds so received were distributed to the heirs. In the absence of testimony showing the ratification of the contract by the defendants other than Peter, they would not be bound thereby.

**1. Mechanics' Liens: right to lien: unauthorized sale by cotenant.**

The court below found that the contract did not contemplate the purchase and installation of a new furnace. We agree with this finding. The contract specifically provided for a new bathroom and such changes as were necessary to fit the second story for apartments.

The rule is well settled in this state that, where a vendor who retains the legal title as security, by his contract requires the vendee to make improvements upon the land sold, his interest becomes subject to a mechanic's lien therefor. *Veale Lbr. Co. v. Brown*, 197 Iowa 240; *Kimball Bros. Co. v. Fehleisen*, 184 Iowa 1109.

The rule is not, for the reason stated, applicable to the case before us; but it is further contended by appellant, in this connection, that a lien attached to the equitable interest of the vendee, and that the vendor, by accepting a voluntary relinquishment and return of the property, took the same subject thereto. This question was before us and considered in *Hunt Hdw. Co. v. Herzoff*, 196 Iowa 715. The evidence in that case disclosed

**2. Mechanics' Liens: property subject to lien: abandoned equitable interest.**

that the contract of sale was forfeited by the giving of the statutory notice. No statement for a mechanic's lien was filed in the *Hunt* case. The contract involved in that case, like the one before us, provided that, in case of forfeiture, the improvements made on the premises should belong to the vendor, as compensation for the use of the premises or as liquidated damages for the breach of the contract. No notice of forfeiture was served by appellees or any of them. This was rendered unnecessary by the voluntary abandonment by the purchaser of the property and of the contract, which, in itself, operated as a forfeiture of all her rights therein. The vendor retained the legal title to the property as security for the payment of the purchase price. His lien, therefore, was at all times paramount and superior to that of appellant. We conclude, therefore, that whatever lien appellant may have obtained, if any, on the interest of Margaret Pfister in the property cannot be enforced against the interest of Peter A. Muir or the other appellees in the property. The rule is familiar that an administrator who enters into a contract without authority, under some circumstances, binds himself personally. *Cohen v. Hayden,* 180 Iowa 232; *Cheyne v. Quackenbush,* 198 Iowa 420. The administrator did not, however, enter into a contract with appellant for the purchase of a furnace. That contract was exclusively between the appellant and the vendee. Therefore, the cases cited are not applicable.

The furnace became an integral part of the building. *Joyce Lbr. Co. v. Wick,* 200 Iowa 796; *Schoeneman Lbr. Co. v. Davis,* 200 Iowa 873. The pipes were inclosed between the studding, and the radiators installed in the floors or partitions on the second floor. The old furnace was removed and taken away by appellant. The evidence tends to show that it was in bad condition, but the removal of the present one would leave the building without any furnace. It is possible that the furnace proper might be removed without serious damage to the building; but, if this were done, the integral character of the improvement would be destroyed, and the radiators, at least, left to mar the rooms in which they have been placed.

3. MECHANICS' LIENS: property subject to lien: furnace.

We conclude that the judgment and decree of the court below should be affirmed. It is so ordered.—*Affirmed.*

DE GRAFF, C. J., and FAVILLE and VERMILION, JJ., concur.