Des Moines Improvement Company, Appellee, v. Holland Furnace Company, Appellant.

FIXTURES: Removal—Right to Remove Fixture as Against Vendor. A dealer who permanently installs a furnace in a house for a subvendee, under a contract that he (the dealer) shall retain title to the furnace and the right to remove it in case of nonpayment, may not lawfully remove the furnace for nonpayment, as against the vendor, who did not expressly or impliedly consent to such installation, and who sold under a written forfeitable contract, which was, subsequent to the installation of the furnace, forfeited and abandoned by both the original vendee and the subvendee.

Headnote 1: 26 C. J. pp. 688, 729.

*Appeal from Des Moines Municipal Court.*—J. E. Mershon, Judge.

March 8, 1927.

Rehearing Denied October 1, 1927.

Action to recover damages for alleged wrongful removal of a furnace from certain real estate. The facts appear in the opinion. Judgment for plaintiff. Defendant appeals.—*Affirmed.*

*Emmert & James,* for appellant.

*T. C. Jones,* for appellee.

FAVILLE, J.—On the 28th day of December, 1923, the appellee was the owner in fee simple of a certain described lot in the city of Des Moines, and on said day the appellee sold said real estate to one Heninger, by a written contract of sale. It appears that, after the making of said contract, one Hedgecock went into possession of said property, under an oral agreement with the original vendee, Heninger, to acquire the latter's interest in the said written contract of sale. The contract provided for certain payments to be made by the vendee, and contained a clause providing for forfeiture in the event of default in said payments, and providing that, in the event of forfeiture, the vendee should have no claim against the vendor by reason of "any payments or improvements made hereunder." Said contract was never recorded. While so in possession as vendee, on or about November 7, 1924, the said Hedgecock entered into a written contract with the appellant to install a furnace in the dwelling house located upon said real estate. This contract provided for the complete installation of the said furnace, and contained a provision that the title thereto should remain in the seller until final payment therefor, with the right to remove the same in default of payment. The appellee had no notice of said contract with Hedgecock, and no knowledge of the installation of the said furnace until after the same was fully installed. The house was not originally constructed for the installation of such a furnace, and in order to install the same, it was necessary to cut openings in the walls and floors of the house and to put pipes in the walls. This was done, and the furnace was placed upon a cement floor in the basement, and the base thereof attached to said floor by being cemented thereto. Default was made in the payment of the purchase price of the premises, and the vendee abandoned the contract and surrendered possession of the premises to the appellee. The appellant removed the furnace from said house. In order to do so, it was necessary to break the cement by which same had been attached to the basement floor. This removal was without the knowledge or consent of the appellee. This action is brought to recover the value of said furnace. The furnace in question was not a trade fixture. It was attached permanently to the building, not only by being cemented to the

basement floor, but by the pipes in the walls and the registers in the floors. Openings were cut in the building, and the furnace and its attachments were fastened to the building in a permanent manner. Under the rules recognized by this court and by the courts generally, it became a fixture and an integral part of the real estate. *West v. Farmers' Mut. Ins. Co.*, 117 Iowa 147; *State Sec. Bank v. Hoskins*, 130 Iowa 339-342; *Joyce Lbr. Co. v. Wick*, 200 Iowa 796; *Schoeneman Lbr. Co. v. Davis*, 200 Iowa 873; *Ilten & Taege v. Pfister*, 202 Iowa 833.

If nothing were involved in this case except the rights between the appellant and Hedgecock, they would be determined largely by the contract between said parties. But the question involved is as to the rights between the appellee, as vendor of the real estate, and the appellant, as vendor of the furnace. It is to be noticed that the contract of sale of the real estate contained no provision whatever requiring that a furnace be installed in the premises. In fact, the manner of the construction of the house was without any provision for the installation of a furnace. The question is solely one between the rights of the vendor of the house and the vendor of the furnace. If the contract of sale of the premises had required the purchaser to install a furnace, a very different situation from the one here would arise. The contract of sale of the real estate, however, did provide that, in the event of a default in payment under the contract, "this agreement shall be void and of no effect," and also:

"Any claim, or interest, or right the party of the second part may have had hereunder, up to that time by reason hereof, or of any payments or improvements made hereunder, shall on all such defaults, cease and determine and become forfeited, without any declaration of forfeiture, re-entry or any act of the party of the first part."

The contract between Hedgecock and the appellant provided:

"The furnace and piping in basement shall remain personal property at all times and the title thereto shall remain in us until final payment therefor, with the right in us to remove same in default of payment."

There is no evidence that the appellant had notice of the terms and provisions of the contract for the sale of the real estate, and, on the other hand, appellee had no notice of the terms

and conditions of the contract for the purchase and installation of the furnace. What, then, are the respective rights of the parties in this situation? In *Ilten & Taege v. Pfister*, supra, there was a contract for the sale of real estate, which did not contemplate the purchase and installation of a furnace in the property. After said contract was made, the plaintiff in the action sold a furnace to the purchaser of the real estate, and installed the same upon the premises. The purchaser of the real estate failed to pay the purchase price of the furnace, and a mechanic's lien was duly filed therefor. As in the case at bar, the purchaser of the real estate voluntarily abandoned the contract, and made no claim to the real estate thereafter. Also as in the case at bar, no notice of forfeiture of the contract was served, but the contract was voluntarily abandoned. In the cited case, we held that notice of forfeiture was rendered unnecessary by the voluntary abandonment by the purchaser of the property, and that this of itself operated as a forfeiture of all rights under the contract. We said:

"The vendor retained the legal title to the property as security for the payment of the purchase price. His lien, therefore, was at all times paramount and superior to that of appellant."

We held that the mechanic's lien of the seller of the furnace was at all times inferior and junior to the lien of the vendor of the real estate. The cited case involved a mechanic's lien, but the underlying principle is the same. The vendor of the real estate had a paramount and superior claim upon the real estate for the balance due him on his purchase price. He held the title as security for said purchase price. In the instant case, the appellant, by the installation of the furnace in question, made the same an integral part of the realty. The appellee's rights under his contract attached to it, the same as to any other portion of the realty. The appellant, when it installed the furnace in the manner in which it was done, was bound to know, as a matter of law, that the furnace thus became an integral part of the realty. Whatever rights it may have had under this contract with Hedgecock, the purchaser of the furnace, which it might have enforced as against him, are not available to the appellant as against the appellee, who was the holder of the legal title to the realty, and who had a superior and paramount lien upon all of

it for the payment of the purchase price of the real estate. Had the contract for the sale of the real estate contemplated or required that the improvement should be constructed, or had the vendor of the real estate consented to the installation of the furnace, an entirely different question from the one here involved would be presented. Upon the record in this case, we hold that, as between the appellant and the appellee, the installation of the furnace, as a permanent fixture and an integral part of the real estate, without the knowledge or consent, express or implied, of the appellee, deprives the appellant of the right to remove said furnace from the said building, notwithstanding the terms and provisions of the contract between the appellant and his purchaser, Hedgecock. The judgment of the trial court was correct. As bearing somewhat upon the question herein involved, see *Hunt Hdw. Co. v. Herzoff*, 196 Iowa 715; *O'Bryon v. Weatherly*, 201 Iowa 190.

Judgment—*Affirmed.*

EVANS, C. J., and STEVENS and VERMILION, JJ., concur.