HOLLAND FURNACE COMPANY, Appellee, v. A. B. POPE et al.,
Appellees; DES MOINES IMPROVEMENT COMPANY,
Intervener, Appellant.

**FIXTURES:  Removal—Right Against Vendor to Remove Fixture.**  A
dealer who, under an unrecorded conditional sale contract, per-
manently installs for the vendee of real estate a furnace in the
house situated thereon, may not legally remove said furnace, as
against the vendor of the real estate who did not authorize or
know of the installation, and who has sold under a contract which
he has caused to be forfeited in accordance with the terms thereof.

Headnote 1:   26 C. J. pp. 671, 729, 735.

*Appeal from Des Moines Municipal Court.*—HERMAN F. ZEUCH,
Judge.

NOVEMBER 15, 1927.

The Holland Furnace Company sold to Pope a furnace,
and installed it in a house which Pope had purchased on con-
tract from the Des Moines Improvement Company.  The Hol-
land Furnace Company brings this action in replevin to recover
the furnace.  The Des Moines Improvement Company inter-
venes, claiming the furnace as a part of the real property.
Judgment for plaintiff.  Intervener appeals.—*Reversed.*

*T. C. Jones,* for appellant.

No appearance for appellees.

MORLING, J.—The only issue here is between the vendor of
the furnace and the vendor of the real property.  The issue was
tried on the plaintiff's petition and the defendant's petition of
intervention.  The facts are stipulated, or proved without con-
flict.  Intervener sold the house and lot in question on May 17,
1923, to Pope on contract.  On June 28, 1923, plaintiff sold
Pope the furnace in controversy, and installed it.  The inter-
vener's contract with Pope contained the ordinary forfeiture
clause: that, on any default on the part of the vendee, the agree-
ment shall be void, and he shall have no claim against the

vendor or to the property, and that any claim the vendee may have had up to that time, by reason of any payments or improvements made thereunder, shall, on all such defaults, cease and determine and become forfeited, without any declaration of forfeiture, etc. The vendee took possession. He bought the furnace of plaintiff under a conditional sale contract, providing that the furnace should remain personal property, and that the title should remain in plaintiff until final payment. Neither contract was recorded. The vendee defaulted in both contracts. Intervener served notice of forfeiture on June 19, 1924. Pope surrendered the contract and surrendered possession. There was no arrangement between intervener and Pope or between intervener and plaintiff for the installation of a furnace, and intervener knew nothing about it until after it was installed. The furnace was set on a concrete base constructed therefor and permanently attached to it. Hot-air pipes and registers were installed in the usual way. Plaintiff took out a writ of replevin, and removed the furnace. Intervener demands judgment for its return, or for the value, $219.35, and $35 cost of installation. The case was submitted to the trial court on the merits, and judgment entered for the plaintiff.

The case is ruled by *Des Moines Imp. Co. v. Holland Furnace Co.*, 204 Iowa 274, decided after the judgment now under review was entered. The parties stipulated that the actual value of the furnace at the time of removal was $219.35, and that the cost of putting the property in condition in which it was before the furnace was installed is $30. On the undisputed facts the court should have rendered judgment in favor of intervener. Intervener elected to take a money judgment. The judgment should have determined that intervener was entitled to the possession, and that the value was, as stipulated, $219.35, and the damages $30; and judgment should have been entered against the plaintiff and the sureties on the bond therefor, with interest from date of removal of the furnace, as shown by the return on the writ. The cause is remanded to the municipal court of the city of Des Moines, with instructions to render such judgment. 1 Book of Annotations, page 2135, *et seq.—Reversed and remanded.*

EVANS, C. J., and DE GRAFF, ALBERT, and WAGNER, JJ., concur.