C. E. EASTMAN et ux., Appellees, v. H. L. DeFREES et ux., Appellants.

No. 46608.

JANUARY 9, 1945.

Lappen & Carlson, of Des Moines, for appellants.

Emmert, James, Needham & Lindgren and Lorna L. Williams, all of Des Moines, for appellees.

MULRONEY, J.—  The plaintiffs were the owners of a mansion-type house, in the city of Des Moines, which had been converted into seven apartments. On October 1, 1941, they entered into a contract to sell the house to the defendant H. L. DeFrees. There were actually two contracts executed by the parties on this date, identical in form and differing only in the amount of consideration. Without delving too deeply into the

confusing financial dealings of these parties, it is enough to say that the second contract, with the increased consideration, was made necessary because DeFrees received a portion of the money raised by a mortgage on the property. DeFrees went into possession of the property, but having failed to make payments provided for under the contracts, the plaintiffs caused him to be served with thirty-days' notice of the cancellation of the contracts on August 24, 1942. DeFrees failed to pay the amounts referred to in the notice within thirty days but on September 29, 1942, a new contract was prepared, signed by DeFrees, and mailed to the plaintiffs in California. Plaintiffs signed this contract and had the same recorded. When DeFrees failed to pay the amounts provided for under this contract, the plaintiffs caused him to be served with thirty-days' notice of cancellation on December 17, 1942. DeFrees failed to pay the amounts referred to in the notice within thirty days but remained in possession. Thereafter, on March 3, 1943, plaintiffs filed their petition in equity against DeFrees and his wife to quiet title in the property as against the claims of the defendant, and upon their prayer for a receiver to collect the rents pending the trial of the case, the court, after a hearing on the 8th of March 1943, appointed a receiver to take charge of and rent the premises. Defendants answered separately claiming there was no cancellation of the contracts of October 1, 1941, and that they were still in force; that no basis for the receivership existed; that no furniture could be taken under the cancellation; and that Bessie A. DeFrees was a joint owner of the furniture. Upon the trial the court found for plaintiffs and defendants appeal.

I. One of the propositions urged by defendants is that the contracts of October 1, 1941, "were not in default nor subject to cancellation August 24, 1942," the date of the service of notice of cancellation. This proposition was merely stated and it is not argued. The record fully sustains the default in the amounts set forth in the notice.

II. Defendants argue that there was no cancellation of any of the contracts because of failure to serve the notice "upon necessary parties; and parties in possession."

It is defendants' first contention that the cancellation

notices were invalid because, although served on DeFrees, the thirteen tenants of the seven apartments were not served. We think DeFrees was the "party in possession" within the meaning of section 12390, Code of 1939. The evidence establishes that this was business property. The business was that of operating a furnished apartment house. It is the operator, not the occupants of the furnished apartments, who is in possession of such premises and entitled to notice of forfeiture.

■ It is defendants' second contention that the cancellation notices were invalid because not served on Mrs. DeFrees. She was not a party to any of the contracts. She was not entitled to such notice by reason of being the wife of the vendee on any theory that her dower interest would not be cut off unless she was so served. Sullivan v. Sullivan, 139 Iowa 679, 117 N. W. 1086, 22 L. R. A., N. S., 691; 28 C. J. S. 97, section 35. The fact that she made leases with tenants in her name and otherwise aided her husband in carrying on the apartment-house business would not mean that she would have to be served with notice of cancellation of her husband's contract to purchase the premises.

■ III. Defendants contend the court erred in quieting title in the plaintiffs to the furniture and equipment in the apartment house. The evidence shows that for several years the property was used to operate furnished apartments. De-Frees bought the property to operate furnished apartments. An original memorandum of agreement between the parties, executed September 22, 1941, mentioned "the furnishings." While the contracts of October 1, 1941, did not specifically mention the furniture and equipment, the contract of September 29, 1942, did make specific reference thereto. This latter contract states:

"It is understood and agreed that the premises include an apartment house of seven apartments furnished, and includes the furniture and equipment therein contained * * *."

With such clear evidence that the parties considered the furniture and equipment trade fixtures necessary and incident to the carrying on of the apartment-house business, the court was warranted in quieting plaintiffs' title in the furnishings

and equipment. Ottumwa Woolen Mills v. Hawley, 44 Iowa 57, 24 Am. Rep. 719; Cornell College v. Crain, 211 Iowa 1343, 235 N. W. 731; Leisle v. Welfare Building & Loan Assn., 232 Wis. 440, 287 N. W. 739.

IV. Defendants argue that the contract of September 29, 1942, never became a contract because it was never delivered to DeFrees. The evidence with respect to the execution of this contract was that it was prepared in the office of an attorney for plaintiffs but mostly by DeFrees. After DeFrees signed the contract it was sent to plaintiffs in California and thereafter a copy signed by them was returned to the attorney and the latter informed DeFrees that the signed copy had been returned and he (DeFrees) said he would stop at the attorney's office and pick it up. And there was other evidence that the parties operated under this contract until its cancellation.

We reach the conclusion that the decree of the trial court, under the evidence shown in the record, was in all respects correct and the case is affirmed.—Affirmed.

All JUSTICES concur.