Miles Homes, Inc. of Iowa, appellant, v. George Grant, a/k/a George Alfred Grant, et al., appellees.

No. 51573.

(Reported in 134 N.W.2d 569)

April 6, 1965.

Whicher & Yaneff, of Sioux City, and O'Connor, Green, Thomas & Walters, of Minneapolis, Minnesota, for appellant.

Shull, Marshall, Mayne, Marks & Vizintos, of Sioux City, for appellees.

THORNTON, J.—This is a case of first impression. The question is, is a mortgagee of a vendee a successor in interest as that term is used in section 656.2, Code of Iowa, 1962, and therefore entitled to notice of forfeiture before the mortgagee's lien can be cut off?

Plaintiff is the mortgagee of the vendee in a real-estate contract. Defendant Gillman is the successor in interest to the vendor, defendant Home Federal Savings & Loan Association is Gillman's mortgagee.

The real-estate contract was entered into December 14, 1957, it was filed for record July 20, 1959. Plaintiff's mortgage is dated June 9, 1959, and filed for record July 20, 1959. Notice of forfeiture was published August 21, August 28 and September 4, 1962, and the notice of forfeiture and affidavit filed for record October 11, 1962. Later the vendors conveyed to defendant Gillman.

Plaintiff's action is to foreclose its mortgage. On adjudication of law points under rule 105, Rules of Civil Procedure, the trial court dismissed plaintiff's action as against the defendants Gillman and Home Federal Savings & Loan Association, and plaintiff appeals.

No question is raised as to the sufficiency of the notice except the admitted failure to serve plaintiff, a mortgagee of the vendee.

Section 656.2 in pertinent part provides, "Such forfeiture and cancellation shall be initiated by the vendor or by his successor in interest, by serving or causing to be served on the vendee or his successor in interest, if known to the vendor or his successor in interest, and on the party in possession of said real estate, a written notice * * *."

Plaintiff's contention that a mortgagee is a successor in interest is based on the argument that successor in interest is synonymous with assigns, and the Supreme Court of Minnesöta, Stannard v. Marboe, 159 Minn. 119, 198 N.W. 127, held a mortgagee of a vendee is an "assigns" as used in a similar Minnesota statute. Sinclair v. Armitage, 12 N. J. Eq. 174, and Scott v. Farnam, 55 Wash. 336, 104 P. 639, also hold a mortgagee of a vendee is entitled to notice of forfeiture.

The Minnesota statute, section 559.21, Minnesota Statutes Annotated, provides for service of notice "upon the purchaser, his personal representatives or assigns."

The Minnesota court based its decision on the definition of the word "assignment" in Brown v. Crookston Agricultural Association, 34 Minn. 545, 546, 26 N.W. 907, 908, " 'A transfer or making over to another of the whole of any property, real or personal, in possession or in action, or of any estate or right therein'." The Minnesota court said, "Under the definition above given, the assignment could relate to any estate or right in the land. It would not have to cover the whole."

The above definition from Bouvier's Law Dictionary is quoted in Reichard v. Chicago, B. & Q. R. Co., 231 Iowa 563, 583, 1 N.W.2d 721, 733. From the discussion in Reichard v. Chicago, B. & Q. R. Co. at pages 582, 583 of 231 Iowa, pages 732, 733 of 1 N.W.2d, it is clear a widow who has actually succeeded to the interest of her husband in property was considered to be included within the term "assigns."

The parties concede in Iowa a mortgagee has no estate in the land but simply a specific lien or charge thereon to secure his debt. Johnson v. Board of Supervisors of Jefferson County, 237. Iowa 1103, 1107, 24 N.W.2d 449. Therefore a mortgagee would not actually succeed to the interest of the vendee until such time as he obtained such interest by foreclosure and sale after the period of redemption had expired.

As used in section 656.2 successor in interest denotes one who has actually succeeded to the rights of the vendee in the real estate, not to one who may succeed to such rights. Successor in interest is used both in reference to the vendor and vendee in section 656.2. It would be absurd to hold a mortgagee of a ven-

dor could serve the notice of forfeiture upon the vendee before he had foreclosed his mortgage and succeeded to the rights of the vendor. When the same term is used twice in the same sentence it is presumed to have the same meaning each time unless the contrary clearly appears. Nothing contrary appears.

That such is the intent in the use of successor in interest is strengthened by the use of the disjunctive "or" between vendee and successor in interest and the use of the conjunctive "and" before the party in possession. It reads, "on the vendee or his successor in interest, * * * and on the party in possession." This means the notice must be served on the vendee, if he still has an interest as vendee, and on the party in possession. Quite often, of course, they are one and the same. If the original vendee does not still have an interest as a vendee then the notice must be served on the one who has succeeded to his interest as vendee and the party in possession.

This is the plain import of the language used. As tending to support this holding, see Dille v. Plainview Coal Co., 217 Iowa 827, 840, 841, 250 N.W. 607; 83 C. J. S., Successor, page 770; and 40A Words and Phrases, Successor in Interest.

Votruba v. Hanke, 202 Iowa 658, 660, 210 N.W. 753, 754, helps neither party, there the vendee contended the notice was insufficient because not served on his mortgagee. The mortgagee was not a party to the action. We said:

"Whether she [mortgagee] had a right to be heard in defense of their forfeiture notice, or had a right to cure default upon service of a forfeiture notice, we have no occasion to consider."

The difference between forfeiture and foreclosure is stated in Hunt Hardware Co. v. Herzoff, 196 Iowa 715, 718; 195 N.W. 264, 265:

"The effect of the forfeiture of the contract by appellant was to completely divest the vendee of any interest therein. The legal title was retained by appellant as security for the unpaid purchase price. The statute relieves him of the necessity of instituting foreclosure proceedings. When the contract was forfeited by giving the statutory notice, the title stood in him; the same as though no contract for a deed had ever been entered into. Neces-

sarily there was nothing left to which the lien [mechanic's lien] of appellee could thereafter attach."

In Eastman v. DeFrees, 235 Iowa 488, 491, 17 N.W.2d 104, we held a wife not a party to the contract was not entitled to notice on any theory that her dower interest might not be cut off unless she was so severed. Of course if this lady had outlived her husband she might have been his successor in interest. Reichard v. Chicago, B. & Q. R. Co., 231 Iowa 563, 1 N.W.2d 721.

In Joyce Lumber Co. v. Wick, 200 Iowa 796, 205 N.W. 476, we held a mechanic's lien may not be established against the interest of a vendor when the vendor is not directly or indirectly a party to the improvement.

We have examined all of the authorities cited by plaintiff but we find nothing in them of assistance in determining the question presented.—Affirmed.

All JUSTICES concur.