In re Rex ALLEN and Patricia L. Allen, dba Rebet Logging and FTBA Patti-Jo's, Debtors.

CLACKAMAS COUNTY BANK, an Oregon corporation, Plaintiff,

v.

INTERNAL REVENUE SERVICE and Robert K. Morrow, Trustee, Defendants.

Bankruptcy No. 382–01740. Adv. No. 82–0847.

United States Bankruptcy Court, D. Oregon.

June 30, 1983.

Bradley O. Baker, Portland, Or., for plaintiff.

Herbert C. Sundby, U.S. Atty., Portland, Or., for I.R.S.

David A. Foraker, Portland, Or., for trustee.

## MEMORANDUM GRANTING SUMMARY JUDGMENT TO CLACKAMAS COUNTY BANK

DONAL D. SULLIVAN, Bankruptcy Judge.

Clackamas County Bank (the bank) and the Internal Revenue Service (I.R.S.) each filed pleadings to recover $10,684.00 resulting from the sale by the trustee of the debtors' logging equipment. The trustee, who asserted no interest, deposited the funds into Court. Both claimants moved for summary judgment. The I.R.S. based its claim on a prior filing of a tax lien on May 11, 1981 and June 16, 1981 in the debtors' county of residence under O.R.S. 87.806(3)(b) and 26 U.S.C. § 6323(a), (f). The bank based its claim on a security interest in the equipment securing a debt having a current balance of $22,153.39. The bank, which filed its financing statement with the Secretary of State after the I.R.S. filed its liens, claimed priority to these funds based upon an alleged right to be subrogated to a prior security interest held by Ferrous Financial Services which the bank paid off. The bank also contended that the I.R.S. filed its tax lien in the wrong place because the debtors were a partnership having a place of filing for tax lien purposes with the Secretary of State under O.R.S. 87.806(3)(a).

Summary judgment should be granted to Clackamas County Bank based upon its rights of subrogation because I find that there is no genuine issue of mate-

rial fact in this regard and that the bank is entitled to judgment as a matter of law. Rule 56(c) F.R.Civ.P. and Rule 756 of the Bankruptcy Rules. On the other hand, I find that the I.R.S. properly filed its notice of lien with the Secretary of State because the debtors are not a partnership and that there is no genuine issue as to material fact in this regard.

Oregon law governs the priority of subrogation rights in a federal tax lien controversy. 26 U.S.C. § 6323(i)(2). A person who advances money to discharge a prior lien on real or personal property and takes a new mortgage as security will be subrogated under Oregon law to the prior lien as against the holder of an intervening lien of which he was excusably ignorant. Payment of the prior lien cannot bar subrogation because it is the payment which triggers the subrogation. *Metropolitan Life Ins. Co. v. Craven,* 164 Or. 274, 101 P.2d 237 (1940). A person who pays a debt of another for reasons of self interest is not a volunteer under Oregon law even though he did not act under legal obligation. *Hult v. Ebinger,* 222 Or. 169, 352 P.2d 583, 590–94 (1960). This circuit applies subrogation liberally in favor of a lender who pays an obligation of another, provided that the entire transaction places no innocent third party in a position more unfavorable than that in which he would have originally stood. *United States v. Halton Tractor Co.,* 258 F.2d 612 (9th Cir.1958). *C.I.M. International v. United States,* 641 F.2d 671, 676–78 (9th Cir.1980). See also *Potter v. United States,* 111 F.Supp. 585, 588 (D.R.I.1953).

The I.R.S. did not controvert the facts justifying the right of Clackamas County Bank to be subrogated to the security interest of Ferrous Financial Services. On approximately June 22, 1981, the bank loaned the debtors approximately $42,000.00 and paid $22,706.45 to Ferrous Financial Services in satisfaction of a prior security interest on logging equipment which the debtors gave to plaintiff as collateral for the new loan. Instead of perfecting an express assignment of the Ferrous Financial interest which would have been valid

under the *C.I.M. International* case against the intervening lien of the I.R.S., the bank first filed with the Secretary of State its own financing statement on June 24, 1981 and thereafter allowed the filing of a termination statement covering Ferrous' interest on June 30, 1981. The bank was not a volunteer in paying off Ferrous because it thought it was acting in its self interest. The bank's self-inflicted and ostensible subordination of its interest to the I.R.S. lien was negligent and ignorant because of its failure to check the records of the debtors' county of residence prior to allowing the filing of a termination statement. The bank's negligence and ignorance was excusable because the I.R.S. was not misled to its disadvantage and because of the trap to unwary but good faith lenders represented by the failure of O.R.S. 87.806 to keep up with Oregon's change to a central filing system governing perfection of security interests. The I.R.S. alleged no equity to bar subrogation in favor of the bank.

Although not urged, esoteric arguments to the effect that the bank should apply prebankruptcy payments made by the debtor to satisfy the subrogated portion of the debt cannot change the result under the facts of this case. Assuming that the June 22, 1981 payment to Ferrous froze the subrogated debt at $22,706.45, and assuming that the Ferrous agreement lacked a future advance clause that would survive 26 U.S.C. § 6323(b), there are no allegations that the parties to the loans knew of the existence of the I.R.S. lien, let alone that they intended to treat the bank loan as anything other than a single loan for purposes of applying the payments. In the absence of agreement or a contrary intent, payments on a single under-collateralized debt lessens the burden of debt borne by the collateral but does not free the collateral from the security interest. There is no marshaling principle that would override the intent of and legitimate expectations of the parties here or that would require the bank to apply payments in the most disadvantageous manner to defeat its right of subrogation. While the I.R.S. will not receive a benefit from prebankruptcy payments made by the debtor to the bank if applied to reduce the

unsecured part of the bank's debt, it cannot be said that it or its lien has been hurt by those payments and their applications.

The debtors were not a partnership within O.R.S. 68.110 defining a partnership, or within the meaning of any applicable federal authorities. The I.R.S. correctly filed its lien notice in the debtors' county of residence. The filing at the bank's request with the state authorities of an assumed business name for Rebet Logging Co. listing both debtors as parties of interest alone is insufficient under O.R.S. 68.120(2) to establish a business partnership. The debtors are husband and wife and by law are partners in a nonbusiness sense. They did not claim to be a business partnership in their bankruptcy papers or tax returns and there are no affidavits showing an intention to act as business partners or evidence of relevant conduct.

For the foregoing reasons, Clackamas County Bank is entitled to an order granting summary judgment in its favor and directing the Clerk to disburse to it those funds with related interest which were deposited to the Registry by the trustee.