Nettie KLOTZ, Plaintiff–Appellant,

v.

Roland C. KLOTZ, Individually, Defendant,

and

Beverly A. Haugen and E. Devere Manderfield, Conservators of Germaine A. Klotz, Defendants–Appellees.

No. 88–357.

Court of Appeals of Iowa.

Feb. 23, 1989.

Christopher F. O'Donohoe, of O'Dono-
hoe, O'Connor, & O'Donahoe, New Hamp-
ton, for plaintiff-appellant.

Mark E. Huegel, of Tekippe and Huegel,
New Hampton, for defendant Roland C.
Klotz.

E.J. Gallagher, III, of Gallagher, Langlas
& Gallagher, P.C., Waterloo, for defen-
dants-appellees conservators.

Heard by OXBERGER, C.J., and
DONIELSON and SACKETT, JJ.

SACKETT, Judge.

We address issues surrounding the trial
court's decision imposing an equitable lien
on a Chickasaw County farm. The owner
of the fee, defendant Roland C. Klotz, is
not a party to the appeal. The appellant is
Roland's mother, plaintiff Nettie Klotz, who
advanced money to pay (1) the balance due on
Roland's contract to purchase the farm, and
(2) to pay a portion of a judgment on the farm
representing       a       property       settle-
ment Roland owed his former wife Ger-
maine Klotz. Germaine is represented in
this appeal by her conservator and E. Dev-

ere Manderfield, defendant appellee and cross-appellant.

The judgment appealed from established an equitable lien in Nettie's favor against the farm for the sums advanced by Nettie. The trial court in establishing the lien determined it was subject to Germaine's judgment lien for the balance of her unpaid property settlement. Nettie's contention on appeal is her lien should be prior to Germaine's. Germaine's cross-appeal challenges the imposition of the equitable lien. We affirm as modified.

The farm was purchased on an installment contract in 1973 by Roland Klotz and Germaine, who was then his wife. The contract provided for a down-payment, annual principal payments of $2,000, plus interest until April 1, 1984, when all balances were immediately payable. When the marriage of Roland and Germaine was dissolved in 1979, there was a balance due on the installment contract of $68,000.

The interest of Roland and Germaine in the farm was awarded to Roland, but a judgment lien in the amount of $120,000 was imposed in Germaine's favor to secure the payment of her property settlement. The property settlement was due and payable in installments. Roland has not made the required payments on the property settlement. Roland was not able to pay the final payment on the installment contract. We find Nettie made the following payments:

On the real estate contract:

1. On April 1, 1983, $4,275 to the vendor for the annual interest and principal payment.

2. On April 2, 1984, $35,145 to make the final contract payment then due.

For a total paid on the contract by Nettie of $39,420.

On Germaine's property settlement:

1. On February 8, 1984, to the clerk of court $10,000.

2. March 23, 1984, to the clerk of court $37,000.

For a total paid on Germaine's property settlement by Nettie of $47,000.

The trial court established Nettie's equitable lien at $86,559.05, with interest as prayed in her petition.[1]

This is a matter in equity and our review is de novo. Iowa R.App.P. 4. On our review of the record, we determine Roland has been less than fair with both Nettie and Germaine.[2] Roland is not a party to the appeal. We do not impute Roland's conduct to either of them. We find no inequitable conduct on the part of either Nettie or Germaine.

## I.

We first address Germaine's cross-appeal. She contends there is no basis to establish an equitable lien. The lien as granted by the trial court was inferior to Germaine's. The lien was imposed on Roland's interest. Roland has not challenged the lien. A lien created by contract but not sufficient as a legal mortgage will generally be regarded as an equitable mortgage and equity will imply a security from the nature of the transaction and give it effect in accordance with the *agreement* of the parties if there appears an intention to create a security. *See In re Snyder,* 138 Iowa 553, 558, 114 N.W. 615, 616 (1908) (emphasis supplied). We find no basis for Germaine to challenge a lien imposed only on Roland's interest. We find no inequity to Germaine in imposing a lien on Roland's interest. The payment by Nettie of the balance due on the installment sale contract avoided forfeiture and preserved Germaine's interest. The other two payments went to Germaine. We therefore affirm the trial court's decision to impose an equitable lien.

## II.

We next look at Nettie's claim her lien should be superior to Germaine's. We first

---

**1.** There were some other payments included in this amount that we determine are not relevant to our decision.

**2.** Roland gave Nettie a mortgage which he convinced her to release. Roland convinced Germaine to release her lien. Germaine's lien was reinstated by the court in a separate proceeding.

address Nettie's claim she should have priority on that portion of the lien established for the $47,000 she paid to the clerk that was applied to Germaine's property settlement judgment. As a general rule, to substitute Nettie's position for Germaine's, the entire amount of the lien would need to be paid. Germaine's lien for the property settlement remains until the entire amount is paid in full. The judgment for the property settlement is structured so any payments made reduce the balance due to discharge the lien but do not in any way alter the lien's priority. We find no basis to give Nettie a lien superior to Germaine's for $47,000 plus interest as claimed in her petition. We agree with the trial court Nettie's lien for $47,000 plus interest as prayed in her petition should be subject to Germaine's judgment lien.

### III.

The more difficult issue is Nettie's claim she should have a prior lien for the $39,420 paid on the real estate contract. The balance due the vendor on the installment sale contract at all times was superior to any claim Germaine had under her judgment. The payments made by Nettie paid the vendor's lien in full. A forfeiture of the real estate contract for nonpayment of monies owed could be accomplished in a thirty-day period. The current statute probably would require Germaine be notified. Iowa Code § 656.2(2).

Had forfeiture occurred, Germaine would have lost her security. Forfeiture would have divested Roland of any interest in the property to which Germaine's interest could attach. See Miles Homes, Inc. of Iowa v. Grant, 257 Iowa 697, 700, 134 N.W.2d 569, 571 (1965). Roland did not have the funds to make the payments. When the balance was paid by Nettie and Roland acquired a deed to the property, Germaine's lien became more secure and her judgment lien no longer was in jeopardy of being forfeited in thirty days for nonpayment. Therefore, even if Nettie's lien for payment on the contract is prior to Germaine's, Germaine is more secure than she was before. Nettie paid off the contract and Roland obtained the deed.

Nettie claims we should determine these facts justify her being subrogated to the rights of the vendor which would make her lien for the contract payments superior to those of Germaine's. Subrogation should be applied more liberally if the transaction does not place an innocent party in a position more unfavorable than where he or she originally stood. See In re Allen, 32 B.R. 93, 95 (D.Or.1983); United States v. Halton Tractor Co., 258 F.2d 612, 618 (9th Cir.1958). Subrogation should not be administered as a legal right but a principle applied to subserve the ends of justice and do equity in the case under consideration dependent on the facts of that particular case. Equitable Life Assurance Society of United States v. Person, 135 Neb. 800, 810, 284 N.W. 260, 263 (1939).

There is support for the proposition one who loans money to another to pay off a realty encumbrance with the understanding the loan is for that purpose is entitled to be subrogated to the rights of any previous encumbrances. See Turney v. Roberts, 255 Ark. 503, 510, 501 S.W.2d 601, 606 (1973); Stephenson v. Grant, 168 Ark. 927, 931, 271 S.W. 974, 975 (1925). And one who discharges the vendor's lien upon lands, either by paying as surety or at the request of the debtor, should be entitled to be subrogated to the lien of the creditor to the extent of the payment made. See Henke v. First Southern Properties, Inc., 586 S.W.2d 617, 621 (Texas 1979); (citing Faries v. Cockrill, 88 Tex. 428, 31 S.W. 190 (1895); Diversified Mortg. v. Lloyd D. Blaylock, 576 S.W.2d 794 (Texas 1978); Johnson v. Frierson, 133 S.W.2d 594, er. dis. judmt. cor. (Tex.Civ.App. (Waco) 1939).

In Smith v. State Savings and Loan Assn, 175 Cal.App.3d 1092, 223 Cal.Rptr. 298, 302 (2nd Dist.1985), the court determined a person who advances money to pay off an encumbrance on realty at the request of the owner with an express or implied understanding the advance is secured by a first lien and it is not a first lien, the person advancing the money, if

not chargeable with culpable and inexcusable neglect, will be subrogated to the rights of the holder of the prior encumbrance unless superior or equal equities of others would be prejudiced. *See also Southern Colonial Mortg. Co. v. Medeiros,* 347 So.2d 736, 738 (Fla.App.1977), where the court held one who makes a loan to discharge a first mortgage pursuant to an agreement with the mortgagor, will have a first mortgage on the land that will be subrogated to the rights of the first mortgagee and the failure to secure a formal assignment will not bar subrogation.

There are particularly strong arguments in Iowa for allowing one, who at the contract purchaser's request pays off a vendor, to be subrogated to the vendor's position. This is especially true where there is a threat of forfeiture. By allowing subrogation there is an incentive for one to advance sums to help a property owner avoid forfeiture. This not only allows the property owner to avoid forfeiture but by preserving the property owner's interest the lien on his or her interest also is preserved.

█ We find:

1. Nettie paid $39,420 to the contract vendor.

2. As a result of Nettie's payment the vendor's lien was paid in full.

3. The vendor's interest had at all times been superior to Germaine's judgment lien.

4. Germaine had greater security after Nettie made the payments and Ro-

land received a warranty deed to the property.

5. Roland intended Nettie have a first lien on the premises to secure the payment of the vendor's lien.

6. It can be implied from the circumstances when Nettie paid off the vendor's lien she would be subrogated to the vendor's position.

7. Germaine is in no worse position on foreclosure than if she herself had paid the contract because as second she still can pay off Nettie's first lien should Nettie seek to foreclose.[3]

8. Germaine was not prejudiced by payment of the vendor's lien.

We modify the trial court's judgment to elevate that portion of the lien in Nettie's favor for $39,420 plus interest as prayed for in the petition superior to Germaine's judgment lien.

In all other respects, the judgment entered by the trial court is affirmed.

Appellate costs shall be paid one-half by Nettie and one-half by Germaine's conservator.

AFFIRMED AS MODIFIED.

---

**3.** Iowa Code section 654.8 provides "At any time prior to the sale, a person having a lien on the property which is junior to the mortgage will be entitled to an assignment of all the interest of the holder of the mortgage, by paying the holder the amount secured, with interest and costs, together with the amount of any other liens of the same holder which are paramount to the person's. The person may then proceed with the foreclosure, or discontinue it, at the person's option."