Dale E. GOODALE and Gertie
Goodale, Appellants,

v.

Genevieve M. BRAY, Dennis J. Bray, Su-
san Bray, Melvin W. Davis, Myrna J.
Davis, Henry M. Halvorson, Marilyn
Halvorson, Harold W. Huisman and Ka-
rolyn Huisman, Appellees.

No. 94–927.

Supreme Court of Iowa.

April 17, 1996.

Rehearing Denied May 23, 1996.

Roger L. Sutton of Sutton & Troge Law Office, Charles City, for appellants.

Murray A. Kloberdanz and Vernon E. Kratchmer of Kratchmer & Kloberdanz, Osage, for appellees Genevieve M. Bray, Dennis J. Bray, Susan Bray, Melvin W. Davis, and Henry M. Halvorson.

Richard H. Gross of Gross & McPhail, Osage, for appellees Harold W. Huisman and Karolyn Huisman.

Considered by HARRIS, P.J., and LARSON, LAVORATO, NEUMAN, and SNELL, JJ.

HARRIS, Justice.

Plaintiffs, husband and wife, brought this action to set aside the forfeiture of a real estate contract. Plaintiff husband alone was the contract purchaser of farmland and was the only one served with notice of forfeiture. As a spouse claiming to share in possession of the tract in question, the purchaser's wife alleges she was also entitled to notice of forfeiture. The district court, after finding she was not in possession, rejected the claim and we agree.[1]

In 1988 plaintiff Dale Goodale contracted to purchase an unimproved forty-acre tract in Mitchell County from defendants Genevieve, Dennis, and Susan Bray, Melvin and Myrna Davis, and Henry and Marilyn Halvorson.[2] The contract contained a routine provision providing for forfeiture of the sale in the event the buyer failed to perform his obligations under the contract. Goodale was the sole buyer named in the contract and sole party signing as buyer. The contract provided for a ten percent downpayment with the balance to be paid in monthly installments. Goodale did not keep his payments current and was substantially in arrears by July 1993.

During this time Goodale was also leasing approximately eight acres of neighboring land from Genevieve Bray. Both the forty acres under purchase and the leased eight-acre tract were contiguous with but not identical to Goodale's rural residence where he lived with his wife Gertie Goodale. The eight-acre leased tract was primarily cropland, whereas the forty-acre purchased tract was primarily pasture ground.

In July 1993 plaintiff Dale Goodale was served with a notice of forfeiture at the instance of the Brays, Davises and Halversons. Goodale was simultaneously served with a notice of termination of farm tenancy concerning the eight acres of farmland leased to him by Genevieve Bray. Gertie Goodale was not served. There is no question that the farm tenancy concerning the eight-acre tract was terminated pursuant to Iowa Code chapter 562 (1993). The dispute is whether the contract concerning the forty-acre tract was terminated pursuant to Iowa Code chapter 656, because of the failure to give notice to Gertie.

Sometime after the forfeiture papers had been served, the defendant sellers negotiated for the sale of the forty-acre tract to Goodales' neighbors, the defendants Harold and Karolyn Huisman. The Goodales then brought this action to set aside the forfeiture.

The district court, finding that Gertie Goodale was not a party in possession and thus not entitled to notice of forfeiture, dismissed

1. Plaintiffs also asserted the forfeiture notice was defective, an assignment rejected both by the district court and by the court of appeals. There is a strong presumption in favor of a sheriff's return of service. *Swift v. Swift*, 239 Iowa 62, 68, 29 N.W.2d 535, 539 (1947). The burden of proof is upon the challenger. *Ruth & Clark, Inc. v. Emery*, 233 Iowa 1234, 1242, 11 N.W.2d 397, 402 (1943). The burden must be carried by clear and satisfactory proof. *Chader v. Wilkins*, 226 Iowa 417, 420, 284 N.W. 183, 185 (1939). The district court was clearly correct in finding the plaintiffs failed to carry this heavy burden. We see no point in further describing or discussing the claim.

2. The real same estate had been the subject of a prior contract between the parties, and a similar forfeiture action had been instigated. That dispute was taken to mediation proceedings in April of 1987 under the provisions of farm mediation legislation enacted in response to the mid–1980s farm crisis. *See* Iowa Code ch. 654B (1993). The present contract resulted from those proceedings.

the petition. We granted further review of a court of appeals decision reversing that holding. The court of appeals determined that all parties were on notice that Gertie was in possession of the land. This determination was based on her sharing of farm income and the fact that the forty acres were treated as one farm along with the Goodales' other farmland. The court of appeals stressed that, although Gertie did not sign the actual contract, she did attend the mediation meeting regarding the land.

■ I. A proceeding to forfeit a real estate contract pursuant to Iowa Code chapter 656 is in equity. *Lett v. Grummer*, 300 N.W.2d 147, 148 (Iowa 1981). Hence our scope of review is de novo. Iowa R.App.P. 4. In this case our scope of review is not determinative because our de novo review of this record leads us to the same factual findings as those of the trial court.

■ In order to work a statutory forfeiture of a vendee's interests in a real estate contract, Iowa Code section 656.2(1) requires service of a forfeiture notice on the vendee. Gertie Goodale's status as the vendee's wife does not, standing alone, entitle her to such a notice. *Hansen v. Chapin*, 232 N.W.2d 506, 510 (Iowa 1975); *Standard 4.4, Iowa Land Title Standards* (6th ed.1984). On appeal the Goodales argue for the first time that this long-established rule denies Gertie equal protection. Because the argument was not first raised in district court, it was waived. *Soike v. Evan Matthews & Co.*, 302 N.W.2d 841, 844 (Iowa 1981) (unless raised in trial court, issues—including constitutional ones—will not be considered on appeal).[3]

■ II. The Goodales also claim Gertie was entitled to notice as a person who was in possession of the forfeited real estate. Iowa Code section 656.2(2) requires a notice of forfeiture for such a person, and failure to provide it vitiates a forfeiture. We have explained "possession," as the word is used in this requirement, this way:

Possession requires an act of dominion or control over the property in question. In determining what acts demonstrate possession of land, our cases have referred to "conduct which gives notice" to the party claiming title to the property. Frequently, that conduct has been actual entry onto the land or some objectively observable use or care made of the land.

*Jamison v. Knosby*, 423 N.W.2d 2, 5 (Iowa 1988) (citations omitted). The question thus becomes whether the party claiming possession (Gertie Goodale) has demonstrated objectively observable acts which would put a reasonably diligent vendor (the defendants) on notice that someone in addition to the named vendee (Dale Goodale) has an interest in the property.

■ We find the Goodales have made no such showing. Gertie Goodale testified she had been married to Dale for twenty-six years, continuously resided with him in the family household, and the household and contiguous forty-eight acres were treated as one farm. This testimony is insufficient for the showing because a family member's residence in a home contiguous with rural farmland, without more, does not establish possession. *See Hansen*, 232 N.W.2d at 510–11 (evidence that vendee married, set up household on the farm, and made unrecorded assignment setting up joint tenancy with wife insufficient to establish actual or constructive knowledge of wife's interest so as to require vendors to serve notice of forfeiture on wife); *Eastman v. DeFrees*, 235 Iowa 488, 491, 17 N.W.2d 104, 105 (1945) (implicitly holding that nothing short of being a signatory to the purchase contract is sufficient to demonstrate possession of nonagricultural commercial real estate); *see also Keokuk State Bank v. Eckley*, 354 N.W.2d 785, 788 (Iowa App. 1984) (minor who lived with his parents and used a small portion of their farm for a hog operation but did not use the premises to the exclusion of his parents was not a party in possession).

---

**3.** We do not suggest merit in the contention. *See Sullivan v. Sullivan*, 139 Iowa 679, 684, 117 N.W. 1086, 1087–88 (1908) (where husband's seisin dependent upon a condition precedent or subsequent, his failure to perform operates to terminate his own interests and operates as well to terminate the contingent and inchoate interests of his wife).

Gertie also testified she shared the farm income with her husband. Although this may be true, it was not a matter objectively observable by the defendants because individual income tax returns are not public records. It is therefore insufficient proof of possession. *See Hansen*, 232 N.W.2d at 510–11 (unrecorded assignment creating joint tenancy with wife does not provide notice); *Dreesen v. Leckband*, 479 N.W.2d 620, 621 (Iowa App.1991) (unrecorded oral lease without entry does not provide notice).

Finally, Gertie testified on direct examination that she attended farm mediation hearings involving the land in question. On cross-examination it was however revealed that Gertie's participation was limited to serving as a witness and that she was not listed on the mediation service report as having an interest in the land.

There was no showing that Gertie exercised "dominion or control" over the property. The record is devoid of any showing that she ever actually entered the forty-acre tract to assist in agricultural pursuits. We thus conclude the Goodales did not meet the burden of proving noncompliance with the forfeiture proceedings. The trial court was correct in so holding.

**DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT AFFIRMED.**